## GULF, COLORADO & SANTA FE RAILWAY COMPANY
### v. J. W. WRIGHT.

#### No. 1176.

1. **Mandate from Court of Civil Appeals.**—The mandate in this case issued upon a reversal on a former appeal was signed "W. L. Vining, clerk;" "R. C. Shelley, deputy." No copy of the opinion was certified to the District Court. A motion to set aside the mandate was properly overruled, as the trial court evidently had the opinion before it.

2. **Verdict.**—See facts in case where a verdict for $790.35 is held not excessive. As there can be no mathematical guide in ascertaining damages in such cases (for personal injuries), much must be left to the discretion of the jury. The injury was the threatened expulsion of plaintiff's wife from the car, her ticket, an excursion ticket, having expired.

3. **Cases Adhered to—Excursion Tickets.**—Railway v. Wright, 2 Texas Civil Appeals, 463, and Railway v. Dennis, 4 Texas Civil Appeals, 90, adhered to, requiring that the time in which return passage is allowed in excursion tickets must be reasonable, under the circumstances likely to attend the journey.

4. **Fact Case—Time of Return Unreasonable.**—See facts held sufficient to sustain a verdict for damages based upon the proposition that under the facts and circumstances the time limited in an excursion ticket for the return of the passenger was unreasonable.

APPEAL from Lampasas. Tried below before Hon. W. A. BLACKBURN.

*J. W. Terry* and *Chas. K. Lee*, for appellant.—1. After the former trial of this case and the filing of an appeal bond, jurisdiction over the case passed out of the District Court of Lampasas County to the proper appellate court of this State, and said District Court had no right to make any further orders in the cause until jurisdiction was restored to it by the proper mandate of such appellate court.

The purpose of the mandate being to inform the lower court in the way provided by law, under the seal of the court, of the action of the appellate court in the cause, and the purported mandate not having attached thereto a certified copy of the decision or rulings of the appellate court, which were to be a guide to the trial court in the further adjudication of the cause, it was no mandate at all.

The writ to be valid had to be attested by the clerk in person or by his deputy. It does not appear to be attested in either way, and was insufficient. Rev. Stats., arts. 1104, 1417, 1418; Acts Special Session 22nd Leg. (1892), chap. 15, sec. 31, p. 31; Wills v. Littlefield, 62 Texas, 28.

2. The verdict of the jury is grossly excessive in amount, and unwarranted by the evidence as to the amount of damage found. Railway v. Gibbs (Miss.), 12 South. Rep., 545; Eddy v. Harris, 15 S. W. Rep., 107; same case, 78 Texas, 661; McLean v. Railway, 52 N. W. Rep., 966; Railway v. Ryan, 18 S. W. Rep., 866; Fitch v. Railway, 49 Texas, 329.

3. Where one is injured by a tort or breach of contract of another, it is their duty to use reasonable efforts to reduce their damages to a

minimum. Where they fail to do so, they can not recover anything in excess of such minimum amount. The evidence in this case clearly showing that the plaintiff's wife, by the payment of the insignificant sum of $2.25, could have prevented the damages complained of, her recovery should have been limited to that amount. Palace Car Co. v. McDonald, 21 S. W. Rep., 945; Railway v. Cole, 66 Texas, 563; Railway v. Smith, 63 Texas, 322; Field on Dam., secs. 126–133, 340; Cool. on Torts, 674.

4. In the nature of things, the ticket held by the passenger must be to the conductor the only evidence of the passenger's right to transportation thereon. Mosher v. Railway, 127 U. S., 390; 34 Am. and Eng. Ry. Cases, 339; Mosher v. Railway, 17 Fed. Rep., 880; same case, 21 Am. and Eng. Ry. Cases, 283; Bradshaw v. Railway, 135 Mass., 407; same case, 16 Am. and Eng. Ry. Cases, 386; Hall v. Railway, 9 Fed. Rep., 585; same case, 9 Am. and Eng. Ry. Cases, 348; 15 Fed. Rep., 57; Railway v. Pierce (Mich.), 3 Am. and Eng. Ry. Cases, 340; Yorton v. Railway, 6 Am. and Eng. Ry. Cases, 322; Townsend v. Railway, 56 N. Y., 295; Frederick v. Railway, 37 Mich., 342; Shelton v. Railway, 29 Ohio St., 214; Dawes v. Railway, 36 Conn., 287; Railway v. Griffin, 68 Ill., 499; Boice v. Railway, 61 Barb., 611; McKay v. Railway, 44 Am. and Eng. Ry. Cases, 395; Peabody v. Nav. Co., 26 Pac. Rep., 1053.

*Browning & Abney*, for appellee.

FISHER, CHIEF JUSTICE.—This is a suit by the appellee, in which he alleges, in substance, that on the 21st day of December, 1887, he purchased a ticket for his wife from the town of Lampasas, via Wolf City, Texas, to Montgomery, Ala., and return; that on the 20th day of January, 1888, his wife, being on her return passage by virtue of said ticket, and whilst same was valid and in full force and effect, entered one of the passenger cars of the appellant at Temple, Bell County, Texas, for the purpose of being transported to Lampasas; that whilst the said train was approaching the town of Belton the conductor demanded of his wife the payment of her fare to Lampasas, refusing to receive said ticket, whereupon his wife declined to pay her fare to Lampasas; whereupon the conductor requested his wife to let him see her check for her baggage, which she then handed him, whereupon the conductor stated that he would hold the check until his wife paid her passage, to wit, the sum of $2.25; that, upon the continued refusal of his wife to pay said money, the conductor, with great rudeness, force, and violence, seized his wife by her arms and shoulders, and did forcibly pull her from her seat in said car, and in a rude and uncivil and disrespectful manner did, by force, lead her through said car to the door thereof, which car had by that time reached the town of Belton, and was proceeding to eject her from said car, when she, to prevent such forcible ejection, paid the fare so de-

manded by the conductor, whereupon said conductor returned to his wife her check. Plaintiff also alleged, in his first amended original petition, that at the time his said wife was being so rudely and uncivilly and disrespectfully treated by the said defendant, she was traveling alone, without any protector, and the car in which she was riding was filled with many people, and the rude, uncivil, and wrongful conduct of the defendant, by and through its said agent, thus publicly done, in the presence of many passengers, caused plaintiff's said wife great mortification and mental distress, and she was greatly worried thereby; whereupon plaintiff says he was damaged in the sum of $2.25, and the further sum of $5000.

The defendant answered by exceptions, which will not be considered, by general denial, and specially pleaded, that by the terms and conditions of the ticket which plaintiff presented to the conductor, it was stipulated that in selling the ticket the Gulf, Colorado & Santa Fe Railway Company acted as agent, and was not responsible beyond its own line; that it is further stipulated in said ticket, that after the same was officially signed and dated in ink and on the back thereof by the agent of the Louisville & Nashville Railway Company at Montgomery, Ala., said ticket should then be good only three days after such date; that it is and was further stipulated in said ticket, that the party purchasing the same would not hold any of the lines named in the ticket liable for any damage on account of any statement not in accordance with the contract evidenced by the ticket made by any employe of said lines, and it is and was stipulated by the purchaser that no agent or employe of any of the lines named in said ticket has any power to alter, modify, or waive in any manner any of the conditions named in the contract on said ticket; that when said ticket was tendered by the plaintiff's wife to the conductor of the train, more than three days, to wit, about five days, had expired after the signature and stamping of said ticket at Montgomery, Ala., and that according to the terms of said ticket the same was not legally good and valid for passage, and that in refusing to accept the same for passage of plaintiff's wife the conductor acted in accordance with the terms of said ticket; that in all of his conduct toward the plaintiff's wife the conductor was civil, courteous, and polite, and used no violence toward her whatever.

The appellee, by supplemental petition, excepted generally to the defendant's answer, denied all the allegations therein, and specially alleged, in substance, that the limitation of three days for the return passage from Montgomery, Ala., to Lampasas, Texas, was an unreasable stipulation, and did not allow a reasonable time in which to complete such return passage, either when said ticket was used or when issued, especially when taking into consideration the movements of the trains and their connections over the lines which the plaintiff's wife was required to travel under the said ticket, and the difficulties naturally and generally resulting from travel over said line; that the ticket was duly signed and stamped January 15, 1888; that on the

same day plaintiff's wife commenced her return passage and continued the same by the first trains afforded her by the defendant and its connecting lines, and that the failure of his wife to complete her return passage within the three days was on account of the failure of the defendant and its connecting lines to furnish her the facilities or means necessary to make the return passage within the time, all of which was known to defendant at said time.

The cause was tried by a jury, and verdict and judgment for plaintiff for the sum of $790.35.

*Findings of Fact.*—We find the following as the facts in the case: We find that appellee, at the time and place alleged in his petition, purchased from the appellant, for the use and benefit of his wife, the railway ticket described in the petition, which entitled his wife to first-class transportation from Lampasas, Texas, to Montgomery, Ala., and return. The ticket was an excursion ticket, good for thirty days, and was purchased at a reduced rate, not as a special privilege or favor to appellee, but on the basis of the rate to the public generally for similar tickets. The ticket provided that the time returning from Montgomery, Ala., to Lampasas, Texas, should be three days. We also find that the appellee, at the time he purchased the ticket for his wife, knew of its terms and stipulations.

We also find that the appellee, at the time he purchased the ticket over the route for which it was issued, relied upon the statements of the ticket agent of appellant who sold him the ticket, as to the desirability of this route and as to the time it would require for a passenger to make the trip and also the return trip, and the connections necessary to be made. The appellee's wife had never traveled over this route before, but had traveled over a different route, by way of New Orleans, and wanted a ticket over that route, but, on the statement of the ticket agent of appellant as to the practicability of the route over which the ticket was finally sold, appellee purchased the ticket, and it is clear from the evidence that neither the appellee nor his wife knew but what the three days' time limited in the ticket was sufficient to make the return trip from Montgomery, Ala., to Lampasas, Texas.

We find that Mrs. Wright, the wife of appellee, traveled upon the ticket from Lampasas, Texas, to Montgomery, Ala., and fully three days before the ticket expired, she started, on the 15th of January, on her return trip from Montgomery, Ala., to Lampasas, Texas, and on the 19th, after the three days' time had expired in which she should complete the return trip, she reached appellant's road at Wolf City, Texas, and traveled from there to Temple, Texas, on said ticket, which was honored by the conductors of appellant's line up to that time, although the three days' time had expired. Mrs. Wright, on the line of appellant's road from Temple, Texas, to Lampasas, Texas, presented the ticket to appellant's conductor, who refused to honor it and to permit her to travel upon it, for the reason that the time had expired.

We also find that Mrs. Wright used ordinary diligence in her travels on her return trip from Montgomery, Ala., to Lampasas, Texas, and no delay was attributable to any act of hers, but the delays along the route were occasioned by roads other than appellant's over which she was required to travel.

We find that when Mrs. Wright was approached by the conductor, and when he refused to accept the ticket and demanded of her payment of her fare, he stated to her that otherwise he would remove and eject her from the train, and thereupon she stated to the conductor the fact that she had used diligence on her return trip, and explained to him the reason why the ticket was not presented before, and the conductor, notwithstanding her explanation and statement, refused to be guided thereby, and refused to recognize her right for transportation by reason of the ticket to Lampasas, and did, substantially in the manner and form as alleged in plaintiff's pleadings, threaten to remove her from the train if she did not pay her fare, and did the acts and things in that connection therein alleged and charged against him in threatening and undertaking to remove her, and in exacting and demanding from her the check for her baggage, and did thereby cause her the injuries complained of; and we find from the evidence that his conduct and manner at that time toward her was such substantially as alleged in the plaintiff's pleadings.

We further find that the appellant, at the time it sold the appellee the ticket, could have known, by the exercise of reasonable diligence, the ordinary and usual delays that may have resulted over the route for which it sold the ticket, and could and should have known the time and places of the various connections that appellee's wife would have to make in traveling over the prescribed route.

We also find, that the three days' time limited in which appellee's wife was to make the return trip from Montgomery, Ala., to Lampasas, Texas, was, under the peculiar facts and circumstances of this case, not sufficient, and that such limitation of time was, under the circumstances, as shown by the facts, unreasonable and too short to accomplish the journey. As to this last finding, the jury evidently found in accord with this theory, and as their verdict can be supported by the reasonable conclusions and inferences that arise out of the facts, and in deference to that verdict, we make this finding.

We also find that appellee's wife sustained the injuries and damages as set out in his pleadings, and that the verdict of the jury is supported by the evidence, and is not excessive.

*Opinion.*—We find no error in the ruling of the court as complained of in the third assignment of error. The court evidently had before it the opinion rendered on the former trial and understood the law of the case, and also had before it the mandate sent from this court, in substance the judgment rendered by this court in disposing of the case on the former trial in this court.

Our findings of fact dispose of the fourteenth assignment of error, and we only desire to say in this connection, that as there is no mathematical guide for the jury in ascertaining the damages in cases of this kind, much must necessarily be left to their discretion, and unless it appears that they have abused their discretion in this respect, or that their verdict is the result of improper influences, we would not feel justified in disturbing it. Cases may be found in which verdicts for amounts larger than that complained of in this case have been sustained, and the courts have refused to set them aside on the ground that they were excessive.

There was no error in the charge of the court, nor was there any error in refusing the charges requested. The case below was tried in accord with the principles announced in the former decision of this case, 2 Texas Civil Appeals, 463, and in accord with the doctrine announced in the cases there cited, and of Railway v. Dennis, 4 Texas Civil Appeals, 90.

The verdict of the jury was evidently based upon the proposition that, under the facts and circumstances, the time limited in which appellee's wife should make the return trip from Montgomery, Ala., to Lampasas, Texas, was unreasonable, in that it did not allow a time sufficient—taking into consideration the delays that the appellant should have foreseen or that were likely to result over that route—in which a person using ordinary diligence could accomplish the trip. The law upon this subject is stated in Railway v. Wright, 2 Texas Civil Appeals, 463, and Railway v. Dennis, 4 Texas Civil Appeals, 90.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered March 27, 1895.