INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. EVALENE TASBY.

Decided March 6, 1907.

**1.—Personal Injury—Pleading.**

Allegations of personal injury to a passenger alighting from a train held sufficiently specific, if not needlessly so, as against a special demurrer.

**2.—Carrier of Passengers—Charge—Assuming Fact.**

Charge held not to assume the fact that plaintiff was a passenger on defendant's train, but to leave the question to the jury.

**3.—Carrier of Passengers—Degree of Care.**

A charge requiring of a railway company towards a passenger alighting

from its car "a high degree of care," that is "such care as a very prudent and cautious person would under like circumstances have exercised" held correct.

**4.—Same—Charge.**

A requested instruction limiting the duty owing by a railroad company to a passenger who has been dilatory in leaving the car to the use of ordinary care only, held properly refused because unnecessary in view of the general charge, which denied recovery at all in case of such delay in leaving.

Appeal from the District Court of Travis County. Tried below before Hon. Geo. Calhoun.

*S. R. Fisher, J. H. Tallichet* and *S. W. Fisher,* for appellant.—The charge was erroneous in assuming that plaintiff was a passenger when injured. Texas & P. Ry. Co. v. James, 82 Texas, 306; Davis v. Houston & T. C. Ry. Co., 59 S. W. Rep., 844; Fanning v. St. Louis S. W. Ry., 12 Texas Ct. Rep., 688; Texas & Pac. Ry. Co. v. Alexander, 30 S. W. Rep., 1114; Houston & T. C. Ry. Co. v. Cohn, 22 Texas Civ. App., 11; Missouri, K. & T. Ry. Co. v. Dawson, 29 S. W. Rep., 1106; St.-Louis S. W. Ry. Co. v. Ricketts, 54 S. W. Rep., 1090; Condran v. Chicago, M. & St. P. Ry. Co., 67 Fed. Rep., 522; St. Louis S. W. Ry. Co. v. Martin, 63 S. W. Rep., 1089; Texas & Pac. Ry. v. Atchison, 54 S. W. Rep., 1075.

The great preponderance of the evidence showing that the train stopped at Hutto a reasonably sufficient time to enable plaintiff and other passengers in the exercise of ordinary diligence to leave the same, the jury should have been instructed that if they believed from the evidence that Evalene Tasby did not leave within said time, the defendant, in starting its train, would owe to her the exercise of ordinary care only. Same authorities.

*Allen & Hart,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a personal injury suit and at the trial in the court below resulted in a judgment for the plaintiff for $800, and the defendant has appealed. In order to illustrate the nature of the case and most of the questions presented for decision, the major portion of the charge of the court is here copied:

"Plaintiff alleges that on or about the 17th day of October, 1905, plaintiff purchased a ticket and became a passenger on defendant's train from Austin to Hutto. Plaintiff further alleges that after the train stopped and after the station was called at Hutto station, plaintiff proceeded to alight by going to the platform of the coach in which she was riding, in a prompt manner, that she proceeded to descend the steps of the platform of said coach and that just as she was in the act of alighting from said coach at said station of Hutto the said train gave a violent jerk and started without any previous warning, and that she was jerked and thrown violently off of the steps of said train and fell with great force on the ground. Plaintiff alleges that by reason of said fall as aforesaid she suffered and sustained the injuries complained of in her petition.

"Answering said petition the defendant denies all and singular the

allegations thereof. Further answering defendant says that whatever, if any, injuries plaintiff has sustained were directly and proximately caused and directly and proximately contributed to by plaintiff's own acts of negligence; that plaintiff was negligent (1) in that she negligently, carelessly and heedlessly failed and refused to exercise ordinary diligence and care in leaving defendant's train at the town of Hutto when the same stopped at said station, and when the station was called by defendant's employes in charge of the train, but that she heedlessly and unnecessarily delayed leaving said train until the same had remained at said station for a reasonable length of time, and was leaving said station; (2) in that she negligently, carelessly and heedlessly stepped or jumped from said train when the same was in motion, and (3) in that she negligently, carelessly and heedlessly ran after said train and threw herself on and against it while it was in motion.

"On the law of the case you are charged:

"1. The burden of proof in this case is upon the plaintiff to prove by a preponderance of the evidence that the defendant was guilty of the negligence charged in plaintiff's petition, and that the injuries complained of by the plaintiff resulted to the plaintiff by reason of such negligence, if any, on the part of the defendant, its agents and employes, and all other facts necessary to be proved to entitle plaintiff to recover herein; and the jury will decide all issues submitted to them according to the preponderance of the evidence.

"2. The defendant as a common carrier of passengers in the transportation of passengers upon its cars operated and managed by its employes must, while operating said cars and while its passengers are getting off and on its cars exercise a great degree of care, in order to avoid accident or injury to such passengers, and the failure to exercise such care as a very prudent and cautious person would under like circumstances have exercised in order to avoid accident and injury to passengers would be negligence.

"3. By the phrase 'ordinary care,' whenever used in this charge, is meant such care and prudence as an ordinarily careful and prudent person would have used under the same or similar circumstances.

"4. By the phrase 'contributory negligence,' whenever used in this charge, is meant a want of ordinary care on the part of the said plaintiff, Evalene Tasby, which concurred with the negligence of the defendant or its agents or employes, if any negligence there was on the part of the defendant, its agents and employes, in causing the injury, if any.

"5. It was the duty of the plaintiff in getting off or in attempting to get off the train at the Hutto station to use ordinary care for her own protection, and a failure to use such care would be negligence on her part, and the plaintiff can not recover from the defendant any damages resulting to her by reason of her own negligence or which resulted from the negligence of the defendant, its agents or employes, if any, if the negligence of the plaintiff, if any, contributed to or combined with the negligence of defendant or its agents or employes in causing the injury.

"6. Bearing in mind the foregoing instructions, if the jury find from a preponderance of the evidence in this case that the plaintiff was a passenger on the defendant's train from Austin to Hutto, as alleged

in her petition, and that after the train had stopped at the Hutto station for the purpose of letting off and on passengers, the plaintiff proceeded to alight by going to the platform of the coach in which she was riding, in a prompt manner, and that the plaintiff proceeded to descend the steps of the platform of said coach, and while she was in the act of alighting from said coach the said train gave a violent jerk and started without any previous warning, and that the plaintiff was jerked and thrown off of the steps of said train (if she was jerked or thrown off of said train) and was thereby injured, as alleged in her petition, and you further find from a preponderance of the evidence that the said injuries, if any, were caused by the failure of the defendant, its agents or employes (if any failure there was on the part of the defendant, its agents or employes) to exercise such care as a very prudent and cautious person would under like circumstances have exercised in order to avoid accident and injury to passengers in stopping its train a reasonably sufficient time to permit the passengers to get on and off of said train, and you further find from a preponderance of the evidence that such negligence, if any negligence there was, was the direct and proximate cause of the injuries, if any injuries there were, to plaintiff, as alleged in her petition, and you further find from the evidence in this case that the plaintiff was not herself guilty of contributory negligence which contributed directly and proximately to such injury, if any, then you will find a verdict for the plaintiff. But unless you so find, you will return a verdict for the defendant.

"7. If under the instructions given you the jury find from the evidence that plaintiff was injured as alleged in her petition, by reason of the negligence of the defendant, as alleged in her petition, and that she is entitled to recover damages therefor, then you will assess her damages at such sum of money as if paid in hand at this time would fairly and justly compensate her for the injuries sustained by her, if any, and in doing so will take into account the physical pain, if any, suffered or that will be suffered by her, if any, on account of such injuries, the earnings lost by her on account thereof, if any, and the impairment, if any, of her ability to earn money in the future on account of such injuries, if any.

"8. The jury are the exclusive judges of the facts proved, of the credibility of the witnesses, and of the weight to be given to their testimony, but the jury are bound to receive the law from the court, which is given them and be governed thereby."

At the request of the defendant, the trial court also gave the following special instructions:

"1. If from the evidence you believe that Evalene Tasby, while a passenger upon one of defendant's train, attempted while at Hutto to leave the train while it was in motion, and that such act upon her part was negligence which directly and proximately contributed to the injuries, if any, of which she complained, then you will return a verdict for the defendant, although you may believe· from the evidence that the agents and servants of the defendant in charge of the train were likewise guilty of negligence in the particulars charged."

"3. If from the evidence the jury believe that the train upon which Evalene Tasby was a passenger stopped at Hutto for a sufficient length

of time to enable her or other passengers thereon in the exercise of ordinary diligence, to disembark from the train in safety, and further believe from the evidence that she did not avail herself of such opportunity, but delayed attempting to leave the train until after the same was in motion, and stepped, jumped or otherwise removed herself therefrom while it was in motion, and that such act on her part directly and proximately contributed to whatever, if any, injuries she sustained, then you are instructed to return a verdict for the defendant."

"8.   You are instructed that a railroad company is not an insurer of the safety of its passengers, and rests only under the duty of providing reasonably safe places for their accommodation while traveling, and of stopping its trains at stations for a sufficient length of time to enable persons in the exercise of ordinary care and diligence to disembark therefrom in safety.   And in this connection you are further instructed that if the defendant, its servants and agents stopped the train at Hutto for a reasonable length of time to enable passengers to disembark therefrom in safety, then the defendant rested under no duty to station any of its agents or servants on the ground or platform or at the exit from the cars or to go through the train and ascertain if any passengers desiring to disembark had failed to get off."

"10.   You are instructed that if you believe that the plaintiff, Evalene Tasby, sustained any of the alleged injuries of which she complains in running after defendant's train, and in falling, if she did fall, in getting her child or children from said train, then she can recover no damages for such injuries, if any, so sustained."

"11.   You are instructed that each and every special instruction given you in this case at the request of the defendant is as much the law of the case as the main charge of the court, and is to be fully considered by you in making up your verdict in this case."

*Opinion.*—The plaintiff alleged in her petition that as a result of the fall therein described her said body was bruised and mashed, and she was injured in the back, arms and legs, and in each and every part of her said body and in each and every part of her nervous system; that when the plaintiff was first thrown to the ground she fell with bundles in her arms violently to the ground; that in falling she struck her right knee on the ground and knocked her kneecap from her knee; that she also fell on and across a bundle which she was carrying in her arms, and that the weight of the fall and the force of the fall mashed and crushed her chest and lungs and materially injured her in her chest and lungs and arms and the different members thereof, until the plaintiff had frequent hemorrhages, spitting blood and coughing blood; that she was at said time and place injured internally and specially in and about her left lung and heart; that the different organs of her chest and body were injured, the exact nature of which is to this plaintiff unknown, but which this plaintiff says are all permanent and lasting injuries from which she will suffer as long as she lives; that by reason of the injury to her right knee she is now and has been compelled ever since receiving same to use a crutch; that she can not now bear any weight on the said limb; that the same will not support the weight of her body, nor will it permit of her walking without the use of a crutch, which said injury to the leg is a permanent and lasting injury, from which she

will suffer continually, and from which she will be disabled continually during her whole life; that at the time of the dislocation and injuries as aforesaid, to her said knee and her said body, her said knee and ankle were sprained and her body bruised, battered and hurt, and she was greatly frightened and suffered great mental and physical pain.

The defendant interposed a special exception to these averments, asserting that they were too general, vague and indefinite, and failed to advise the defendant what injuries the plaintiff would attempt to prove. That exception was overruled, and the first assignment complains of that ruling. The assignment is without merit. The pleading referred to, instead of lacking in particularity, is unusually, if not unnecessarily, comprehensive and specific.

Under the second and third assignments it is asserted that the second and sixth paragraphs of the court's charge are upon the weight of the evidence, in that they assume that the plaintiff was a passenger at the time she was injured. The charge is not subject to this criticism. It does not assume that the plaintiff was a passenger, but submits that question, together with others, for the jury to decide.

The fourth assignment asserting that the second paragraph of the charge imposed upon the defendant a higher degree of care than is required by law, asserts an unsound proposition and is overruled.

The fifth assignment is addressed to the action of the court in disallowing the following requested instruction: "You are instructed that if the defendant stopped its train at Hutto station for a time reasonably sufficient for passengers in the exercise of ordinary diligence, to leave the same, and that the plaintiff, Evalene Tasby did not leave said train within said time, then the defendant owed to said plaintiff only the exercise of ordinary care in starting its train, and did not rest under the duty of exercising that high degree of care due by carriers under ordinary circumstances to passengers."

If it be conceded that the refused charge embodies a correct proposition of law, we are of opinion that no error was committed in refusing to give it in this case. By the sixth paragraph of the court's general charge the jury were required, in order to return a verdict for the plaintiff, to find that the plaintiff acted promptly and was not herself guilty of contributory negligence in attempting to alight from the train; and it told the jury, unless they found for the plaintiff upon those and other issues submitted, to return a verdict for the defendant. If the plaintiff acted promptly and was not guilty of negligent delay in attempting to leave the train, then while she was exercising such care and diligence, the defendant owed her such high degree of care as would have been exercised by a very prudent and cautious person under like circumstances, and not merely ordinary care. The requested instruction is based upon the contention that the plaintiff by negligence in failing to leave the train after it had stopped for a reasonable time, had, to some extent, forfeited her rights as a passenger, and was entitled to only ordinary care on the part of the defendant. The sixth paragraph of the court's charge, in effect, required the jury, in order to find a verdict for the plaintiff, to find that she had exercised such degree of care and diligence as preserved her original status as a passenger. Having so instructed the jury and so limited the plaintiff's right of recovery, the

defendant ought not to be heard to complain because the court did not submit to the jury another and different theory upon which the plaintiff might have recovered, although she herself had not exercised the proper diligence in attempting to leave the train when it stopped for that purpose.

There are some other assignments complaining of the action of the court in refusing to give requested instructions. The most of the instructions referred to assume that certain facts, if established by the evidence, would constitute contributory negligence, and were properly refused for that reason. We think the court's charge, as supplemented by the requested instructions that were given, was quite as favorable to the defendant as it should have been, and that no error was committed in refusing requested instructions.

We also overrule the assignments which complain of the verdict and the action of the court in overruling the motion for a new trial. There is evidence in the record which supports the findings of the jury to the effect that the defendant was guilty of negligence, as alleged in plaintiff's petition, that the plaintiff was not guilty of contributory negligence, and that as a result of the defendant's negligence she was injured to the extent and amount awarded by the verdict, and we so find the facts in support of the verdict.

No error has been shown and the judgment is affirmed.

*Affirmed.*