SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. LOUIS MUECKE.

Decided November 5, 1907.

**1.—Personal Injuries—Repeated Charges.**

When the court has once submitted to the jury the question of proximate damages from an injury, a requested instruction substantially repeating the submission is properly refused.

**2.—Same—Aggravation of Injury.**

One who has been injured by the negligence of another must take such care of his wounds as a reasonably prudent person would have employed under like circumstances, and can not recover such damages as are attributable to a want of such care.

**3.—Loss of Finger—Damages.**

Evidence considered, and held to justify a verdict for $2,750 for the loss of an index finger, and incidental suffering.

Appeal from the 55th Judicial District, Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood,* for appellant.

*Lovejoy & Parker,* for appellee.

REESE, ASSOCIATE JUSTICE.—Appellee, Louis Muecke, sues to recover damages of appellant, the San Antonio & Aransas Pass Railway Company, for personal injuries resulting in the loss of a finger, and mental and physical suffering, caused by the negligence of appellant, and upon trial recovered judgment, upon the verdict of a jury, for $2750. From the judgment the railway company appeals.

Appellant admitted its liability, alleging that it had offered to pay appellee $500 as damages and averring its willingness to pay such sum. It is alleged that the amputations of the injured finger, after the first one, were caused by appellee's disregard of the instructions for caring for his finger given him by the surgeons who made the first amputation, and by his abuse of his finger.

The injury complained of is the loss by appellee of the index finger of his right hand. The first result of the accident was the crushing of the end of the finger necessitating at first only the amputation of the end of the finger just at the root of the nail. Afterwards it was amputated at the second joint, and another amputation being necessary the finger was taken off at the junction with the hand. The injury occurred on October 4, 1904. The finger was first treated by Dr. James, the local physician at Houston, who did not ampu-

tate.  On November 29 appellee was sent to the hospital at San Antonio, where Dr. Graves, appellant's physician, made the first amputation.  Appellee left the hospital and returned to Houston February 13, 1905, and on the 24th of March Dr. Boyd made the second amputation at the second joint, and again in February, 1906, made the last one.  The succeeding amputations after the first one were made necessary by the diseased condition of the nerves of the finger, resulting from the injury.

The court charged the jury very briefly, setting out appellant's admission of liability, and instructing them to find for plaintiff in such sum as would fairly compensate him for the damages sustained in consequence of the injury.  At the request of appellant the following charge was also given:

"Gentlemen of the jury, you are charged: If you believe from the evidence that the plaintiff's finger would have healed to a healthy condition if the plaintiff, after leaving the Santa Rosa Infirmary, had followed the instructions given him by the surgeon that attended him there, and that the subsequent operations on his finger, if you find they were necessary, were made necessary by the said failure of the plaintiff to follow the instructions of the said surgeon and were due to the plaintiff's failure to take proper care of his finger, then in arriving at the amount of your verdict, you will not take into consideration either the loss of time, if any, the pain, if any, or impairment of earning power, if any, caused by said subsequent operations."

Appellant requested, a special charge instructing the jury, in substance, that appellee was only entitled to recover such damages as were the proximate consequences of the injury, defining proximate consequences as such as a reasonably prudent person situated as appellant was would have anticipated.  This charge was refused and the refusal is assigned as error.

All of the damages suffered by appellee were clearly shown by the undisputed evidence to have been the proximate consequences of the injury, unless the evidence raises the issue that such damages were aggravated by his failure to follow the instructions of the physicians after leaving the infirmary at San Antonio.  This issue was submitted to the jury in a charge requested by appellant, and there was no error in refusing to charge further on the issue as to whether the damages sustained were the proximate result of the injury.

The second assignment of error complains of the refusal to give the following special charge requested by appellant:

"You are charged that you will not take into consideration, in arriving at your verdict, the increased damages, if any, caused by the manner in which plaintiff's finger was treated by Dr. James, or the condition in which the plaintiff's finger was left between the time when Dr. James operated on same and the time when he was first taken to the infirmary at San Antonio, if any."

The assignment is without merit.  Appellee first went to Dr. James, who was the local physician of appellant in Houston.  It is not alleged in the answer that Dr. James did not treat the wound properly, or that the damages were, to any extent, aggravated by such treatment.

If it had been so alleged there was no evidence that appellee himself was guilty of any want of care, which was the measure of his responsibility. He was required to take such care of his wounds as a reasonably prudent person would have employed under like circumstances, and cannot recover such damages as are attributable to a want of such care. Trinity & S. Ry. Co. v. O'Brien, 18 Texas Civ. App., 693; Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Texas, 76.

The remaining assignment of error assails the verdict as excessive. The statement under the proposition following the assignment is so far from being a full and fair statement of all of the evidence bearing on this issue, such as is required by rule 31, that we would be justified in refusing to consider it. The evidence shows that after suffering for a year and a half appellee lost the entire index finger on his right hand as the proximate result of the injury. At the time of the trial, which was two years after the accident, it was shown that it would be from three to six months before the hand (outside of the loss of the finger) would regain its normal condition. We cannot say that the amount of damages awarded by the verdict is so excessive as to indicate that the jury were actuated by passion or prejudice or other improper motive. We find no error in the record, and the judgment is affirmed.

*Affirmed.*