### SOUTHERN PAC. CO. v. SOREY.
(Court of Civil Appeals of Texas. El Paso. Dec. 7, 1911. Rehearing Denied Jan. 10, 1912.)

1. DAMAGES (§ 143*)—INJURIES TO SERVANT —ALLEGATIONS OF INJURIES—SPECIFICNESS.

In an action for injuries to a servant, an allegation that the injury was permanent, and that since the date thereof plaintiff had continuously suffered therefrom, and that his nervous system had been greatly shocked and impaired, was not objectionable for indefiniteness as to the allegation of injury to plaintiff's nervous system.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 410; Dec. Dig. § 143.*]

2. APPEAL AND ERROR (§ 692*)—EXCLUSION OF TESTIMONY — BILL OF EXCEPTIONS — STATEMENT OF EXCLUDED TESTIMONY—REVIEW.

Exclusion of offered testimony will not be reviewed on appeal, unless the bill of exceptions shows what the excluded testimony would have been.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2905–2909; Dec. Dig. § 692.*]

3. TRIAL (§ 260*) — INSTRUCTIONS — OMISSIONS.

That an instruction in an action for injuries omitted to refer to a question of aggravation was not error, where such question was covered by other instructions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. APPEAL AND ERROR (§ 216*) — INSTRUCTIONS—REVIEW—DUTY TO REQUEST PROPER CHARGE.

Where defendant did not request a proper charge calling a particular matter to the court's attention, it could not complain of an alleged defect in an instruction given on such subject.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 628.]

5. TRIAL (§ 253*) — INJURIES TO SERVANT— RAILROADS — OPERATION OF TRAINS—INSTRUCTIONS.

Plaintiff, a railroad employé, was sitting in a chair in a caboose attached to defendant's freight train which was negligently stopped with a jolt. In an effort to protect himself from injury, plaintiff attempted to catch hold of the door casing of the caboose, when the door shut on his hand, bruising his fingers. Held, that an instruction ignoring the fact that plaintiff might have been forced to place his hand on the door casing in the effort to save himself from falling was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

6. TRIAL (§ 260*) — INSTRUCTIONS—REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

In an action for injuries to the hand of a railroad employé caught in a door on the sudden stopping of his train, the court charged that if plaintiff failed to use such care and caution as an ordinarily prudent person would use under the same or similar circumstances to effect a recovery and to prevent aggravation of the wound, and to arrest further injury and such failure, if any, was the proximate cause of the injuries, if any—that is, if plaintiff was negligent in not promptly caring for the wound, and having same cared for, and, but for such negligence, the existing injuries would not have occurred—a verdict should be for defendant. Held, that such instruction correctly and fully

submitted the matter of aggravation, and hence the refusal of a requested charge on the same subject was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

7. DAMAGES (§ 132*)—EXCESSIVENESS—PERSONAL INJURIES.

Plaintiff while sitting in the caboose of one of defendant's freight trains in an effort to protect himself from injury by a sudden jolt, caught hold of the door casing of the caboose, where his hand was injured by the sudden shutting of the door. The right hand was severely bruised, mangled, and mashed, so that one of the fingers had to be amputated. Held, that a verdict for $3,500 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385; Dec. Dig. § 132.*]

Appeal from District Court, El Paso County; James R. Harper, Judge.

Action by G. P. Sorey against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 140 S. W. 334.

Beall, Kemp & Parker and W. F. Herrin, for appellant. J. M. Nealon and R. T. Neill, for appellee.

PETICOLAS, C. J. This was a personal injury case from El Paso county, Tex., in which plaintiff alleged that he was in the employ of the defendant, and while in line of his duty he was sitting in a chair in a caboose attached to one of defendant company's freight trains; that the train was negligently stopped with a severe jar, or jolt, and, in an effort to protect himself from injury, he attempted to catch hold of the door casing of the caboose; that the door of the caboose shut on appellee's right hand, and severely bruised, mangled, and mashed the same so that one of his fingers had to be amputated. He also alleged alternatively that he applied to the company for medical treatment, but that his finger was treated by a nurse instead of a physician; that she was unskilled and incompetent, and thereby the amputation of said finger became necessary. The case resulted in a verdict for plaintiff in the sum of $3,500, from which judgment the defendant company has regularly appealed.

[1] The first assignment of error complains of the overruling of a special exception addressed to an allegation in plaintiff's petition, as follows: "And plaintiff avers that the injury occasioned therefrom is permanent, and that since that time he has continuously suffered therefrom, and that his nervous system has thereby been greatly shocked and impaired"—ground for the exception being that the allegation that "plaintiff's nervous system has thereby been greatly shocked and impaired" is not sufficiently specific. In this we do not agree with the appellant's contention, being of the opinion that the allegation quoted, taken in connection with the other allegations with refer-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ence to the injury, is sufficiently specific. I. & G. N. Ry. v. Tasby, 45 Tex. Civ. App. 416, 100 S. W. 1030.

The second assignment of error complains that the court erroneously sustained plaintiff's objection to the testimony of Dr. Fenner, defendant's witness, who was asked a hypothetical question as to whether or not plaintiff's treatment of his injury was proper and reasonable treatment, or whether it was neglect on his part. Appellant's brief states that the witness would have answered that he did not consider the treatment proper, but the bill of exception as contained in the record does not show what the witness would have answered.

[2] It is an unbroken rule in this state that the bill of exception must show what the excluded testimony would have been before error may be predicated upon its exclusion. Chimene v. Baker, 32 Tex. Civ. App. 520, 75 S. W. 330. The second assignment of error is therefore overruled.

The third assignment of error complains of the following charge: "The court erred in that part of said charge to the jury in which they are instructed that: 'If the jury believe from a preponderance of the evidence that plaintiff was employed by the defendant, Southern Pacific Company, as roadmaster, and that on the 28th day of August, 1909, plaintiff, in the discharge of his duties required of him as roadmaster, near Dome, Ariz., was riding in the caboose of a freight train operated by the defendant company, and that, while sitting in a chair in said caboose, and without notice, the train was brought to a sudden stop, and that by reason of such sudden stop, if any, the train and car upon which plaintiff was riding was then and thereby jarred and jolted in such manner as that plaintiff was thrown with force from the chair in which he was sitting, and was thereby about to be hurled or thrown to the floor, and that in an effort on the part of the plaintiff to protect himself by breaking the force of the pending fall plaintiff caught, or attempted to catch, the door or facing of the door of the caboose, and that the jar or jolt, if any, caused the door of the caboose to close on plaintiff's right hand, and injured same, if it did, and if you further believe that the said movement of the train, if any, was negligence, as defined in the charge, and that but for such negligence, if any, the accident to plaintiff would not have occurred, then you should find for the plaintiff.'" It is stated in said assignment that said charge ignored the evidence of plaintiff's and defendant's witnesses, which were in conflict upon the issue of negligence raised by the pleadings.

[3] We do not get clearly from this assignment and the propositions under it the exact meaning of the assignment. If it is a complaint that the court did not submit in connection with this charge the question of the aggravation of injury claimed by de-

fendant to have been incurred by plaintiff's negligent treatment of his injury, the answer is that in another portion of his charge, as will be hereafter adverted to, the court did fully cover that matter.

[4] If it is intended to complain of the portion of the charge touching on the fact that plaintiff placed his hand in the door, there is not any correct special charge calling the matter to the attention of the court.

The fourth assignment of error complains of the refusal of the following special charge: "The court erred in refusing defendant's special charge No. 1, as follows: 'If you believe from the evidence that at the time plaintiff was injured he had placed his finger between the facing of the door and the door of the caboose, so that the closing of the door would injure his finger, and that the place where his finger was placed was one of danger, where injury was likely to ensue, should the door close, and if you further believe from the evidence that the placing of said fingers at said place was negligence, or a failure to exercise ordinary care for his protection from said injury, and that said failure of plaintiff was the proximate cause of said injury, then your verdict will be for the defendant.'" In Southwestern Portland Cement Company v. McBrayer, 140 S. W. 388, we decided that if the court had charged generally on a subject, but the defendant desired a more particular charge on that subject, it devolved upon it to ask a correct special charge.

[5] We do not think the charge requested, as set out in the fourth assignment of error, is a correct one, because it ignores the fact that plaintiff, under the evidence, might have been forced to place his hand in the door in an effort to save himself from falling, and the said charge ignores this phase of the testimony, it being simply submitted in said special charge that, if he placed the finger in the door and the place was a dangerous one and injury was likely to ensue, then the plaintiff could not recover. It is apparent that if one, in an effort to save himself from a fall, or other danger, place himself or a portion of his body in a dangerous position, that it is an entirely different matter than if he deliberately placed himself or a portion of his body in a dangerous place. The assignment is therefore overruled.

It will be noted in this connection that this case was submitted to the jury on the proportionate negligence doctrine authorized by the federal employer's liability act. As to the aggravation of the injuries, the court submitted simply that, if the plaintiff's negligence was the proximate cause of the injuries, he could not recover for it. In so far, however, as plaintiff's actions at the time of the accident might be contributory negligence, the court submitted it on the proportionate negligence law above adverted to. No complaint is made by appellant that the

case was not subject to the employer's liability act, unless the special charge above mentioned can be construed to be such complaint. If so, it is not sufficient for that purpose because it is in itself an incorrect charge, and there is no assignment of error to the court's failure to give a correct charge as suggested by the incorrect charge. See McBrayer Case, supra.

[6] The fifth assignment of error complains of the refusal of the following charge: "If you believe from the evidence that plaintiff's fingers were injured by being caught between the door and the facing, and that the same was caused by the negligence of the engineer operating the train in suddenly stopping the same, and that plaintiff himself was not guilty of negligence in placing his hand at the place where it was injured as stated, but you believe from the evidence that the injuries inflicted were slight, and of trivial nature, and such as would, under proper attention and reasonable care, have been healed up, but that plaintiff neglected to give same proper attention, or to go to a physician for treatment, and that by reason of said neglect and the act of plaintiff, if any, in using said hand and finger in carrying on his employment as roadmaster, and that, as a proximate result of neglect, or want of proper attention, if any, to said finger, on the part of plaintiff, same became infected, and the injuries greatly aggravated, then you are instructed that defendant would not be liable for the aggravated injuries caused as aforesaid by plaintiff's own act and conduct, if any, causing said result." This special charge seeks to have the court submit an issue to the effect that, if plaintiff's neglect to give his injuries proper attention and his said neglect caused the injury, he could not recover. The assignment is overruled because the court correctly and fully submitted said matter to the jury, as follows: "You are charged, further, that a party who receives injury as a result of the negligence of another is under the law required to use such care and caution as an ordinary prudent person would use under the same or similar circumstances to effect a recovery and to prevent the aggravation of the wound and arrest further injury. If, therefore, you find and believe from the preponderance of the evidence that the plaintiff was injured, as charged, through the negligence of the defendant company (and that such negligence, if any was the proximate cause of the injuries), but you further believe and find that the plaintiff failed to use such care and caution as an ordinary prudent person would have used under the same or similar circumstances to effect a recovery and to prevent aggravation of the wound, and to arrest further injury, and you further believe that such failure, if any, upon the part of plaintiff was the proximate cause of his

injuries, if any—that is, if you believe that the plaintiff was negligent in not properly caring for the wound and having the same cared for, and that, but for such negligence, the injuries to plaintiff's hand, as they now exist, would not have occurred—then your verdict will be for defendant."

The sixth assignment of error is to the effect that the verdict is unsupported by the evidence, in that the burden of proof devolved on plaintiff to show that his injuries were the proximate result of the defendant's negligence, and it was not shown by a preponderance of the evidence that the infection of plaintiff's finger had its origin at the time of the accident. The evidence on this subject was sufficient to submit the issue to the jury, the court correctly submitted it, and the assignment is therefore overruled.

[7] The seventh assignment of error is to the effect that the verdict is excessive. In this connection it may be said that there is no mathematical guide for ascertaining the damages in cases of this kind and much must necessarily be left to the discretion of the jury. Unless it appears that they have abused their discretion in this respect, an appellate court would not be justified in disturbing it. Railway Co. v. Wright, 10 Tex. Civ. App. 179, 30 S. W. 294. In the particular case the plaintiff lost a finger through the negligence of the defendant. He suffered pain at the time, and has suffered pain since, and will continue to suffer some pain. The injury is permanent. He cannot use that hand very much. One of the other fingers is, to some extent, affected by stiffness. He cannot move his arm freely on account of pain, and it is also painful to bend his right elbow. Without attempting to state all of the testimony, we are of the opinion that while the verdict is larger, probably, than we would have given for the same injury, that, testing it by the entire evidence, and by cases in this state to some extent analogous (Rice v. Dewberry, 93 S. W. 715; Railway v. Parr, 26 S. W. 861; Railway v. Muecke, 47 Tex. Civ. App. 380, 105 S. W. 1009; Railway v. Beauchamp, 54 Tex. Civ. App. 123, 116 S. W. 1163; Railway v. Turney, 33 Tex. Civ. App. 626, 78 S. W. 256), we would not be justified in disturbing the verdict, or in requiring a remittitur on account of its amount.

The case is therefore affirmed.