## JOHN J. FOLEY v. FRANK NORTHRUP.

### Decided October 23, 1907.

**1.—Fast Driving—Personal Injury—Charge.**

In a suit for personal injuries caused by fast and unlawful driving on the street of a city, charge considered. and held not subject to the objection that it was upon the weight of the evidence.

**2.—Same—Speed Ordinance.**

The violation of a speed ordinance in a city is negligence *per se*, and for any damage proximately resulting therefrom a person violating such ordinance is liable without regard to the degree of care he may have been exercising otherwise in the management of his horse.

**3.—Same—Malice—Exemplary Damages.**

Where negligence is so gross as to evince a conscious indifference to consequences, exemplary damages may be awarded. It is not necessary that the injury be willful. Evidence considered, and held sufficient to support a verdict and judgment for exemplary damages in a suit for damages resulting from fast driving in a city.

**4.—Defective Pleading—Absence of Exception—Evidence.**

Because a petition may be subject to special exception is no reason for the exclusion of evidence upon issues fairly made by its averments, in the absence of such exception.

**5.—Pleading—Supplemental Petition, Office of.**

The office of a supplemental petition is to present matters in avoidance of defenses pleaded by the defendant, and such pleading should not be used to amend or cure a defective statement of the cause of action.

**6.—Compromise Verdict—New Trial.**

Where a new trial was sought on the ground that the jurors each wrote the sum he thought ought to be assessed against the defendant and agreed that the verdict should be the average of such sums, and upon hearing the motion for new trial the court, upon sufficient evidence, overruled the same, the ruling of the court will not be disturbed on appeal. Act of Twenty-ninth Legislature, General Laws, 1905, page 21, criticised.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*W. J. Howard,* for appellant.—In order to have warranted the recovery of punitory or exemplary damages against the defendant, Foley, he must have had some bad motive or have been guilty of such reckless conduct, either intentional or so grossly negligent, as to show or evidence a conscious disregard of the rights of the plaintiff, Northrup. International & G. N. Ry. Co. v. Brazzil, 78 Texas, 317; International & G. N. Ry. Co. v. Garcia, 70 Texas, 208; Missouri P. Ry. Co. v. Shuford, 72 Texas, 170; Dallas City Ry. Co. v. Beeman, 74 Texas, 294; Erie T. & T. Co. v. Kennedy, 80 Texas, 72; International & G. N. Ry. Co. v. Cocke, 64 Texas, 156.

An ordinance, the violation of which is the basis of a cause of action, must be pleaded by original or amended petition, and can not be set out in a supplemental petition as constituting a part of the cause of action, only defensive matters by way of replication being properly pleaded by supplemental petition. Coles v. Kelsey, 2 Texas, 575; Crescent Insurance Co. v. Camp, 64 Texas, 525.

A verdict of a jury which is not made up from and based on the evidence introduced in the case, but is made up from and based on a compromise arrangement, is invalid and will not support a judgment. General Session Laws of Texas, Twenty-ninth Legislature (1905), page 21; Gulf, C. & S. F. Ry. Co. v. Johnson, 99 Texas, 337; Texas Midland R. R. Co. v. Byrd, 41 Texas Civ. App., 164; 22 Am. & Eng. Ency. of Pleading and Practice, pp. 855 to 859; Richardson v. Coleman, 131 Indiana, 210; Ostrander v. Lansing, 111 Mich., 693; Adams v. Yazoo R. R. Co., 77 Miss., 194; Meyer v. Shamp, 51 Neb., 424.

*A. C. Van Velzer,* for appellee.

FLY, Associate Justice.—This suit was instituted by appellee to recover damages arising from injuries inflicted on him by appellant, alleged to have been caused by the reckless driving of appellant in the streets of Houston, Texas. The cause was tried by jury and resulted in a verdict and judgment for $237.50 actual and $475 exemplary damages.

The court charged the jury:

"If you believe from the evidence that on December 19, 1904, while plaintiff was riding in a buggy on Preston street, in the city of Houston, the buggy in which he was riding was run into by one being driven by the defendant, in consequence of which plaintiff was thrown from the buggy in which he was riding, and injured in some one or more of the particulars alleged by plaintiff, and if you further believe from the evidence that defendant Foley, in the manner in which he handled and drove his horse, was not in the exercise of such care as a man of ordinary prudence would have exercised under the same or similar circumstances, and that but for defendant's failure to exercise such care the accident and

injury to the plaintiff would not have happened; or if you believe from the evidence that defendant at the time of the collision of the two buggies in the manner in which he handled and drove his horse was in the exercise of such care as a man of ordinary prudence would have exercised under the same or similar circumstances, but should further believe from the evidence that defendant at said time was driving his horse at a speed in excess of six miles per hour, and that plaintiff's injuries, if any, were proximately caused by reason of the fact that the defendant was driving his horse at such rate of speed, then in either event you will let your verdict be for the plaintiff and assess his damages, if any, as hereinafter instructed, unless you find for defendant under other portions of this charge or under special charge submitted by the court."

Through the first assignment of error, that charge is assailed on the grounds that it is on the weight of the evidence in that it assumes that appellant did not handle his horse with ordinary care and that the appellee was injured, and in that it instructs the jury that if appellant was driving his horse at a rate of speed in excess of six miles an hour and thereby injured appellee that he would be guilty of negligence even though he was at the time exercising ordinary care. We do not think the court assumed that appellant did not exercise ordinary care in the management of his horse, nor that appellee was injured, but each of those matters was left to the determination of the jury. We suppose that the first criticism is based on that part of the charge which states, "and that but for defendant's failure to exercise such care, the accident and injury to the plaintiff would not have happened," because no qualifying words such as "if you find he failed to exercise such care," after the word "care," and "if any" after the words "accident and injury." The jury, in sentences just preceding the criticised language, had been explicitly told that they must base their verdict as to lack of care and the injury to appellee on the evidence, and the court then said if the injury, which they were told to determine from the evidence, resulted from a failure to exercise ordinary care, which they had been told to determine from the evidence, they should find for the appellee. The language is too plain to mislead any jury into believing that the court instructed them that there had been a failure to exercise ordinary care and that an injury had resulted thereby. It was proved that it was a violation of an ordinance of the city of Houston to drive a horse at a greater rate of speed than six miles an hour and there was proof that appellant was violating that ordinance when he injured appellee, and that such violation of law · was the proximate cause of the injury, and appellant was liable for the damages arising therefrom no matter what degree of care he may have been exercising otherwise in the management of his horse. The object of the ordinance is to protect those on the streets from reckless and furious driving, and the party violating that ordinance and thereby injuring a citizen can not be heard to justify his act and absolve himself from liability by proof that he is an expert driver and was handling his team in a masterly manner. It was negligence *per se* to drive

his horse through the streets of Houston in utter disregard of law, and if such violation of law was the proximate cause of appellee's injuries, appellant is liable for the damages arising therefrom. The court did not err in so informing the jury. Railway v. Brown, 11 Texas Civ. App., 503; Railway v. Pendery, 14 Texas Civ. App., 60. This is too well settled in Texas to deserve further consideration.

The court charged the jury: "If you believe from the evidence that at the time of the accident defendant was driving his horse in a wanton, reckless or wilful manner, with an entire want of care and absolute indifference to the rights of others who might be using said street, and that such conduct on his part proximately caused or occasioned plaintiff's injuries, if any, and you find plaintiff entitled to recover actual damages under other charges submitted to you, then, and only in that event, you are instructed that you may in your discretion assess such further damages against defendant as you may deem proper by way of punishment;" and appellant objects to the instruction on the ground of there being no evidence of wanton and malicious conduct or gross negligence upon the part of appellant, and therefore he was not liable for exemplary damages. The charge stated the law applicable to the facts of the case. Appellant may not have entertained any malice or ill-will towards appellee, may not have been conscious of his existence, and yet if he was driving through the streets of a city at a rate that showed a reckless disregard of the safety and rights of persons on the street, whether he knew them or not, it evinced such a condition of mind as constituted legal malice. "Malice in law is not personal hate or ill-will of one person towards another; it refers to that state of mind which is reckless of law and the legal rights of the citizen in a person's conduct towards that citizen." Sutherland, Damages, sec. 394. "Exemplary damages are allowed where a wrongful act is done with a bad motive; or so reckless as to imply a disregard of social obligations; or where there is negligence so gross as to amount to misconduct and recklessness." Sutherland on Damages, sec. 393.

The rule is thus stated by the Supreme Court of Alabama in the case of Alabama G. S. Ry. v. Arnold, 80 Ala., 600; 2 So. Rep., 337: "Without resting its application to be determined by the shadowy and indefinable line that distinguishes gross from ordinary negligence, a somewhat more specific rule has been established by our decisions. That rule is, where negligence is so gross as to evince an entire want of care, and is sufficient to raise a presumption that the defendant, being cognizant of the probable consequences, is indifferent to the danger to which the persons or property of others may be exposed— 'A conscious indifference to consequences,'— exemplary damages may be awarded. It is not necessary that the injury shall be willful." The rule announced by the Alabama Court is in effect that given by Judge Gould in the case of Brooke v. Clark, 57 Texas, 105.

There was evidence which showed that appellant was moving along the streets of the city of Houston at such a rapid rate that persons on the streets thought it was a fire company hurrying to

a fire. The horse was running at a high rate of speed and there was no pretense that he was running away and not under the control of appellant. He was simply being driven at that reckless rate by his master. Appellee was riding in a buggy and sought safety by driving to the curbing on the right side of the street, but the buggy was run into by appellant from behind and crushed to pieces and appellee injured. Although appellee was within two feet of the curbing, appellant attempted to pass between him and the curbing and of course a collision ensued. The moon was shining and appellee was near a street lamp. Appellant was driving a large horse attached to a heavy vehicle. The evidence clearly showed that appellant was utterly indifferent to the rights of others and was embued with a "conscious indifference to consequences." It is insisted in the brief that appellant had no knowledge that appellee was in the street ahead of him, and while that contention is not sustained by the evidence, if it were, it would not relieve him of liability for his recklessness. He was on a street where people would likely be at any hour and especially at eight o'clock at night. He knew that it was more than probable that people would be on the street down which he was racing at such a rate as to convey the idea that he was the chief of the fire department on his way to a fire.

In the fourth assignment of error, appellant complains of the action of the court in admitting the speed ordinance of Houston in evidence, the grounds being that the ordinance was irrelevant and immaterial and because it had not been properly pleaded. It is clear that the ordinance was both relevant and material, and that objection is without merit. The ordinance was pleaded in a supplemental petition and the evidence was excepted to on that ground also. In the original petition, upon which the cause was tried, it was alleged: "That at all times hereinafter stated there was in full force and effect provisions of said charter for the passage of an ordinance limiting the speed that horses or vehicles might be driven in said city; and pursuant thereto, at all the times herein stated there was in full force and effect an ordinance which made it unlawful for the driver of any carriage, either public or private, to drive through any of the streets of said city in a gait faster than six miles per hour. That said ordinance is contained in a book of ordinances which is now exhibited to the court for identification, and made a part of this petition by reference." Afterwards the supplemental petition was filed in which the ordinance was set out in full. The original petition was not excepted to, and even if it could not have withstood the attack of a special exception, still the allegations were sufficient to admit proof of the contents of the ordinance. If, therefore, it be the rule, as seems to be indicated in Crescent Ins. Co. v. Camp, 64 Texas, 521, that the defective statement of a cause of action in an original petition can not be cured by a supplemental petition, whose office is to present matters in avoidance of defenses pleaded, still the testimony, while not admissible under the supplemental petition, would be admissible under the allegations of the original petition.

The fifth assignment of error assails the sufficiency of the evi-

dence on the issue of exemplary damages and is met by what has been hereinbefore said in discussing the evidence. If recklessness and an utter disregard of the rights of others can form the basis for exemplary damages, they should have been allowed in this case. Whether appellant intended to injure appellee or not does not matter, for his conduct was such as to indicate that he was prepared to run over anyone that impeded his furious driving through the streets.

The sixth assignment urges error on the ground that the verdict of the jury was not based upon the law and the evidence but was the result of a compromise agreement among the jurors, by which they bound themselves to write the sums each of them thought should be assessed against appellant, and then, divide them by twelve, the quotient to be the verdict of the jury; that some of the jurors believed that appellee should not recover anything from appellant, but after making the agreement considered themselves bound by it, and returned the verdict into court. All these matters were embodied in the motion for a new trial and the court, after having heard the testimony of each of the jurors, overruled the motion, and the evidence was embodied in a separate transcript and was sent up with the record. The court had all of the jurymen before him, heard their testimony, and must have concluded that the complaints against the verdict were not sustained, and there is ample testimony to uphold that conclusion.

The mode of procedure allowed by the trial court is a novel one, and one we fear will be productive of no good results, but it is sanctioned by a law passed by the 29th Legislature, Gen. Laws of Texas, 1905, p. 21. In that law it is provided: "Where the ground of the motion is on account of misconduct of the jury, or the officer in charge, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof, and it shall be competent to prove such facts by the jurors or others, by examination in open court; and if the misconduct proven, or the testimony received, or the communication made be material, a new trial may in the discretion of the court be granted." There is a clause in that law, which sets aside ancient rules and subverts precedents, but which gives the discretion to the trial judge to grant or refuse the new trial. We do not feel disposed to interfere with the exercise of that discretion, where there has been a fair exercise of the discretion vested in the court. The judgment is affirmed.

*Affirmed.*

Writ of error refused.