ILLINOIS CENT. RY. CO. v. MORRIS.

(Court of Civil Appeals of Texas. Texarkana. Feb. 15, 1912. Rehearing Denied March 7, 1912.)

1. CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—INJURIES TO PASSENGER.

In an action for injuries received from exposure of passengers alighting from a train, evidence *held* to authorize a finding that the defendant was negligent in stopping its train at an unusual point, an improper distance from a shelter shed, and inducing the plaintiff and his wife, who were unacquainted with the surroundings, to alight there to their injury.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

2. APPEAL AND ERROR (§ 970*)—DISCRETION OF COURT—ORDER OF PROOF.

Permitting the plaintiff in an action for damages to introduce testimony not in rebuttal after the defendant's close is not ground for reversal, where it does not appear that the court abused its discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3849–3851; Dec. Dig. § 970.*]

3. CARRIERS (§ 321*)—INJURY TO PASSENGERS—INSTRUCTIONS—SUSTAINING EVIDENCE.

Where, in an action for injuries from exposure after alighting from a train at an improper point, the plaintiff and his wife testified that the employés in charge of the train called out "all out for Memphis" at the point at which they alighted, an instruction permitting a finding for the plaintiff, if the jury believed that he and his wife "were invited or directed to alight from the train," was proper.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 321.*]

4. TRIAL (§ 192*)—INSTRUCTIONS—WEIGHT OF TESTIMONY.

And, where such testimony was undisputed, the instruction was not improper as on the weight of the testimony in assuming, as a fact, that the employés of the defendant invited or directed the plaintiff and wife to leave the train.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

5. APPEAL AND ERROR (§ 1066*)—HARMLESS ERROR—INSTRUCTIONS.

Though an instruction in an action for injuries from exposure caused by alighting from a train at an improper point permitted the jury to find for the plaintiff if they believed that but for the negligence of defendant "plaintiff's wife would not have been made sick, if she was sick, or would not have contracted any disease, if she has contracted any disease," any error therein in not limiting the jury to the sickness and disease charged in the petition was harmless where there was no testimony of sickness or disease other than that alleged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

6. CARRIERS (§ 318*)—CARRIAGE OF PASSENGERS—EVIDENCE.

Evidence in an action against a carrier for injuries from exposure after being induced to alight from its train at an improper point *held* to show that the exposure was the efficient cause of the injuries to plaintiff's wife complained of.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 318.*]

7. APPEAL AND ERROR (§ 1015*)—REFUSAL OF NEW TRIAL—REVIEW.

Where the jury agreed that the plaintiff was entitled to recover, but determined the amount of the verdict by dividing the total of the sums they respectively thought would compensate by 12, and the testimony was conflicting as to whether they agreed beforehand that the quotient so reached should be their verdict, the refusal of a motion for a new trial on that ground does not require a reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876; Dec. Dig. § 1015.*]

Appeal from District Court, Hunt County; L. A. Clark, Special Judge.

Action by J. F. Morris against the Illinois Central Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

B. F. Crosby and Dinsmore, McMahan & Dinsmore, for appellant. Evans & Carpenter, for appellee.

WILLSON, C. J. Appellee and his wife were passengers on a train operated by appellant from Winona, Miss., to Memphis, Tenn. The train reached the latter place about 10 o'clock on the night of November 24, 1908. Appellee's wife was enceinte, and he claimed that, as a result of negligence on the part of appellant in putting them off the train at an unsheltered point in Memphis, they were exposed to cold and to rain then falling, whereby his wife was made sick and was caused to miscarry. He recovered a judgment against appellant for the sum of $1,687.50.

[1] It appeared from testimony of appellee and his wife that he had purchased of appellant tickets entitling them to be carried by appellant over its line of railway from Winona to its passenger depot in Memphis, to be thence transferred to the Iron Mountain & Southern Railway Company's depot in Memphis, and to be thence carried by the St. Louis Southwestern Railway Company over its line of railway to Commerce, Tex. Appellee and his wife testified that it was cold and raining hard when the train stopped in Memphis; that when the train stopped appellant's employés in charge thereof called out, "All out for Memphis," and that thereupon they (appellee and his wife) and their children and Mrs. Morris' mother, who were traveling with them, and other passengers, got off the train; that there was no light where they got off other than that furnished by a lantern carried by a man standing near by; that there was no platform, shed, or any kind of protection from the weather at that place; that directly after they alighted from the train it moved on north, and the man with the lantern began to walk in the same direction; that they had never been in Memphis before, and knew nothing about the location of depots, etc., there; that they saw what seemed to be an electric light, which appeared to be about a quarter of a mile away, in the direction the man with the lantern was going, and followed on after him 100 or 200 yards to a shed covering the way they were traveling, and then on further, altogether about a quarter of a mile, until he stopped and asked them where they wanted to go; that they replied to the St. Louis Southwestern Railway Company's depot to take its train for Commerce; that the man then asked for their tickets, tore portions of same off, and demanded that they pay him 75 cents; that, when they demurred to this on the ground that they had paid appellant to be transferred to said St. Louis Southwestern Railway Company's depot, the man told them not to delay, that their train was about to leave; that thereupon they paid him the 75 cents, that he called out for a cab, that one came, wherefrom they did not know, and that they were carried therein to the Iron Mountain & Southern Railway Company's depot, which was also used by said St. Louis Southwestern Railway Company. From testimony offered by appellant it appeared that its principal passenger depot in Memphis was 1½ miles from the Iron Mountain & Southern Railway Company's depot, used by the St. Louis Southwestern Railway Company's trains; that, for the convenience of its passengers destined for points on other lines of railway, appellant stopped its trains near Calhoun street; that it could not stop its trains on Calhoun street because of an ordinance of the city prohibiting it; that, at the point where it usually stopped them, engines drawing the trains stood at the south boundary of Calhoun street, about 175 yards from the Iron Mountain & Southern Railway Company's depot, and about 80 feet from the Union Depot; that its regular trains were about 645 feet long, and, when stopped at the usual place for stopping them, would extend about that distance south from Cal-

---

houn street; that from Calhoun street south along its track about 270 feet was a platform covered by a shed and lighted with electric lights; that the platform extended on further south about 700 feet, but the extension was not covered; that the Union Depot fronted on Calhoun and Main streets, both of which at nights were "lighted almost as light as day"; that cabs meeting its trains stood on Calhoun street.

Appellant insists that the testimony was not sufficient to support a finding of negligence on its part, and therefore that the refusal of the court to instruct the jury to find in its favor was erroneous.

It might be conceded that the testimony was not sufficient to support a finding that it was guilty of negligence in failing to provide better than it had provided for the comfort and safety of its passengers leaving its train at the place where it usually stopped on Calhoun street, yet it would not follow that the verdict was wrong, for the jury might have found from the testimony that, on the occasion when appellee's wife suffered the exposure complained of, the train did not stop at the place where it usually stopped, but at a point more than 200 yards south of same. According to testimony offered by appellant, if the train on that occasion stopped where it usually did appellee and his wife, when they alighted therefrom, were on the platform extending along the track south from Calhoun street, and could not have been farther than 375 feet from the lighted shed, nor farther than 645 feet from Calhoun street; while according to testimony offered by appellee it was 100 or 200 yards from the place where he and his wife alighted to the platform, more than 1,000 feet to the shed, and not less than a quarter of a mile to Calhoun street. If appellant stopped its train at a point more than 200 yards farther than it usually did, and than was necessary, from the shed it had provided for the protection of passengers who might leave the train to be transferred to other lines of railway, and from cabs waiting to transfer them, and induced appellee and his wife to alight there, we think the jury were warranted in concluding that in doing so, under the circumstances shown, it was guilty of negligence. Pullman Palace Car Co. v. Smith, 79 Tex. 468, 14 S. W. 993, 13 L. R. A. 215, 23 Am. St. Rep. 356. The ground of negligence was not, as appellant seems to view it, its failure to provide a waiting room or shelter at the place where it usually stopped its trains, but in stopping its train at another place and inducing appellee and his wife to alight there, whereby they were subjected to risks from exposure to the weather they otherwise would not have been subjected to.

[2] The fourth, fifth, and sixth assignments question rulings made by the court in respect to testimony admitted over objections thereto made by appellant. We think the testimony was admissible as ruled by the trial court, and therefore overrule the assignments. We also overrule the seventh assignment, in which appellant complains that, after it had closed its testimony, the court permitted appellee to offer testimony in support of his contentions and not in rebuttal of its testimony. Assuming that the testimony complained of was not in rebuttal of any offered by appellant, it does not appear that in admitting it the court so abused the discretion he had about the matter as to justify this court in reversing the judgment.

[3] Other conditions specified in the charge concurring, the jury were instructed to find for appellee if they believed appellee and his wife "were invited or directed to alight from the train." Appellant insists there was no testimony tending to show that appellee and his wife were directed to leave the train. We think there was such testimony. Both appellee and his wife testified that when the train stopped appellant's employés in charge thereof called out, "All out for Memphis." This, it seems to us, was a direction to all passengers not destined to points on appellant's line of railway beyond Memphis to leave the train. Appellee and his wife were not destined to such a point, so the injunction to alight applied to them.

[4] The objection to the charge that it was on the weight of the evidence, in that in it the court assumed as a fact that appellant's employés had invited or directed appellee and his wife to leave the train, clearly is untenable. He did not so assume the fact to be; but had he done so, in view of undisputed testimony that said employés did invite and direct appellee to leave the train as they did, it would not have been error.

[5] The court instructed the jury to find for appellee if they believed appellant had been guilty of negligence as claimed, and further believed that, quoting, "but for such negligence, if any, plaintiff's wife would not have been made sick, if she was made sick, or would not have contracted any disease, if she has contracted any disease." The objection to the instruction is that it "did not limit the consideration of the jury to such sickness and disease as was alleged in the petition." As there was no testimony tending to show that appellee's wife was sick, or had contracted disease, otherwise than as alleged in the petition, the error in failing to restrict the instruction as suggested by appellant's objection was a harmless one.

[6, 7] We think the testimony was sufficient to support the finding of the jury that the exposure appellee's wife was subjected to after she alighted from the train was an efficient cause of the injuries she complained of. Therefore we overrule the ninth, tenth, and eleventh assignments; and also over-

rule the twelfth, in which complaint is made of the refusal of the trial court to grant appellant a new trial on the ground that the verdict was not the expression of the judgment of the jury, but was arrived at by lot. The testimony was undisputed that, while the members of the jury agreed that appellee was entitled to recover, they disagreed as to the amount necessary to compensate him, and that $1,687.50, the amount of the verdict, was the quotient of the total divided by 12 of the sums they respectively thought would compensate him; but the testimony was conflicting as to whether they agreed beforehand that the quotient so reached should be their verdict. By overruling the motion, the trial court determined the conflict in favor of the validity of the verdict, and we are not prepared to say he erred in doing so. Railway Co. v. Hawkins, 50 Tex. Civ. App. 128, 109 S. W. 224; Foley v. Northrup, 47 Tex. Civ. App. 277, 105 S. W. 229; Kalteyer v. Mitchell, 102 Tex. 393, 117 S. W. 792, 132 Am. St. Rep. 889.

The judgment is affirmed.