FT. WORTH & DENVER CITY RAILWAY COMPANY v. JOHN E. MORRISON.

Decided December 8, 1909.

**1.—Pleading—Negligence—Selection of Physician.**

A charge permitting plaintiff to recover for negligent treatment of his injuries by the physician employed by defendant railway company in its hospital on proof of its negligence in selecting a physician, was unauthorized in the absence of allegations of such negligence by defendant in his selection.

**2.—Injuries to Person—Pleading.**

An allegation that plaintiff had received serious internal injuries, in the absence of special exception, was sufficient to admit proof of injury to any internal organ.

**3.—Charge—Negligence.**

An instruction that plaintiff could recover on proof of defendant's negligence in either of two respects and that either caused the derailment of the train by which plaintiff was injured, criticised as permitting recovery without proof that the particular default causing the accident was due to negligence.

Appeal from the District Court of Clay County. Tried below before Hon. A. H. Carrigan.

*Spoonts, Thompson & Barwise, Allen & Jones, P. A. Martin, R. E. Taylor* and *J. M. Chambers,* for appellant.

*Arnold & Arnold* and *Bell & Milam,* for appellee.—Where a common carrier is compelled by law or assumed to furnish a surgeon to attend upon injured passengers, it devolves upon it to furnish a competent one, and if this is not done the carrier is liable for any malpractice or negligence upon the part of the physician. Galveston, H. & S. A. Ry. Co. v. Scott, 18 Texas Civ. App., 321.

KEY, ASSOCIATE JUSTICE.—While John E. Morrison was traveling as a passenger on the Ft. Worth & Denver City Railway the coach in

which he was riding was derailed and turned over and Morrison and other passengers were injured. The train was stopped, the passengers were taken aboard and carried to Ft. Worth, where some of them, including Morrison, were carried to St. Joseph's Infirmary. After reaching the Infirmary Morrison received attention and treatment from a physician who was the local surgeon of the railway company. Morrison sued the railway company for damages, obtained a verdict, and the railway company has appealed.

In the eighth paragraph of the charge the trial court instructed the jury that if the defendant failed to exercise reasonable care in the selection of a physician to treat the plaintiff, and if such physician negligently, or for the want of proper skill, caused plaintiff to suffer additional pain by the treatment he administered to him, the jury should consider such additional pain in estimating the plaintiff's damages, if any were awarded to him. The first assignment of error complains of the action of the court in giving that charge, the contention being that neither the pleadings nor the testimony authorized the submission of that issue. We sustain the first contention. We have been unable to find in the plaintiff's petition any averment to the effect that the defendant was guilty of negligence, or had failed to exercise proper care in the selection of the physician referred to. It is not necessary to cite authorities in support of the proposition that an issue not pleaded should not be submitted to the jury. The error referred to requires a reversal of the case.

Under the second assignment it is contended that the court should not have given the following instruction: "If the plaintiff was afflicted with trouble with his bladder before the accident, and if such affliction of his bladder was aggravated as the result of injuries, if any received by him in the wreck, and if defendant was liable to plaintiff on account thereof, then you will consider same in estimating his damages, if any, as instructed in the sixth paragraph of this charge." The contention is that it was error to instruct the jury that they might, under any circumstances, consider injuries to the plaintiff's bladder in estimating damages, because the plaintiff did not allege in his petition that his bladder had been injured. After enumerating certain other injuries the petition alleged that the plaintiff "suffered serious, permanent and internal injuries, from which he has not and will never recover." It is a matter of common knowledge that the bladder is an internal organ; and the averment of serious and permanent internal injuries, in the absence of a special exception, was sufficient to admit proof of any character of internal injury; and, when such proof was furnished, it was proper for the court to charge upon the issue. Hence we overrule the second assignment.

The plaintiff's petition and testimony presented two theories of negligence, both of which the court submitted to the jury in the third paragraph of the charge, the latter portion of which reads as follows: "and that the car upon which the plaintiff was riding was as the direct result of either of such acts, thrown from the defendant's track, and that either of such acts constituted negligence on the part of the defendant, as that term has been explained to you, then you will find a verdict for the plaintiff. Otherwise you will find for the defendant."

The third and last assignment complains of that portion of the charge just quoted, the contention being that it authorized a verdict for the plaintiff if the derailment of the car was caused solely by one of the acts charged in the plaintiff's petition, and the other act was negligent, although the one which caused the derailment may not have been negligent. It may be that the charge is subject to that objection. At any rate, it is not accurately framed, and we suggest that, in trying the case again, the objection now urged be removed, and the charge so framed as to make it clear to the jury that in order to recover the plaintiff must prove at least one alleged act of negligence, and that the act so proved caused the derailment of the car. Judgment reversed and cause remanded.

*Reversed and remanded.*