# CHARLESTON.

## C. N. JONES *v.* JAMES D. COOK

Submitted December 4, 1923.   Decided March 25, 1924.

1.  MASTER AND SERVANT.—*Owner of Family Automobile Liable
    for Negligence of Stepdaughter Driving.*

    Where the owner allows his step-daughter, who is a member
    of his family, to drive an automobile maintained by him for
    the comfort, convenience, pleasure, entertainment and recrea-
    ton of hisd family, whereby she negligently injures the prop-
    erty of a third party, he is liable; the step-daughter under
    the circumstances being regarded as the agent or servant of
    the owner.   (p. 64).

2.  SAME.—*Relation of Master and Servant Between Owner of
    Family Automobile and Step-Daughter Driving Need Not be
    Otherwise Established; Disobedience by Step-daughter Driv-
    ing Family Automobile of Owner's Instructions Will Not
    Relieve Him From Liability.*

    In such case the relation of principal and agent, or master
    and servant, between the owner and driver need not be other-
    wise established; nor will disobedience by the driver of the
    owner's instructions relieve the latter from liability.   (p. 64).

3.  MUNICIPAL CORPORATIONS.—*Ordinance Giving Vehicle Right of
    Way Held Not to Relieve Driver From Exercise of Due
    Care.*

    A city ordinance giving to a vehicle approaching a street
    crossing on one of the intersecting streets right-of-way over
    vehicles traveling on the other does not relieve the driver of
    the former vehicle from the duty of exercising reasonable
    care to avoid collision with the latter.   (p. 63).

McGINNIS, JUDGE, absent.

Error to Circuit Court, Wood County.

Action by C. N. Jones against James D. Cook.   Judgment
for defendant, and plaintiff brings error.

*Reversed and remanded.*

C. N. Matheny, B. M. Ambler, James S. McCluer, and Mason
G. Ambler, for plaintiff in error.

R. E. Bills and C. M. Hanna, for defendant in error.

LITZ, JUDGE:

The plaintiff's action is trespass on the case for recovery of damages to his automobile resulting from its collision with defendants car at the intersection of Covert and Sixteenth streets in the city of Parkersburg, due to the alleged negligent operation of the latter machine.

Covert street, with a general course north and south, intersects at right angles with Sixteenth street extending east and west. The width of each street is twenty feet between curbs.

On October 24th, 1919, at 4:00 p. m., the plaintiff's new 1920 model Buick five passenger touring car, while being operated by him northward on Covert street, near the northeast corner of the intersection of Covert and Sixteenth streets, collided with a Hudson sedan automobile belonging to defendant, driven eastward on Sixteenth street by the owner's seventeen year old step-daughter, Ivol Hickman. Plaintiff's machine, after the contact, struck a standing telephone pole and curb stone at the street corner and, swerving to the left across Covert street, stopped, in a badly wrecked condition, on the sidewalk. Defendant's car, following, stood head on against the telephone pole. It sustained slight injury. The estimated damage to plaintiff's car was $1000.00, and to defendant's, $25.00 or $30.00. Under a city ordinance, plaintiff was entitled to right-of-way over the crossing.

The defendant had entrusted Miss Hickman, a member of his family, with the use of his car to participate in a local high school parade. Immediately after the parade, she with some invited guests entered upon a pleasure drive which was in progress at the time of the accident. Plaintiff testified that he sounded a signal about twenty feet from the street intersection, which he was approaching from the south along the right side of Covert street at a speed of ten or twelve miles an hour; and after looking to the right along Sixteenth street without discovering any vehicle coming from that direction, observed defendant's car on the left about 116 feet away approaching from the west on Sixteenth street at a speed of 30 or 35 miles an hour; that he immediately increased the speed of his car in order to clear the crossing first; and after reach-

ing the opposite side of Sixteenth street defendant's car
struck his machine, forcing it against the curb stone and tele-
phone pole, and to the left across Covert street on the side-
walk.

Miss Hickman states that while driving her car 8 or 10 miles
an hour going east on Sixteenth street, 5 or 10 feet from the
street intersection she first observed plaintiff's car approach-
ing over Covert street from the south about 20 feet from the
intersection at 25 or 30 miles an hour; and realizing her car
could not be stopped in time to avoid a collision, she turned
left, expecting plaintiff to change his course to the right. She
is substantially corroborated by three of those driving with
her as to the positions and speed of the two cars. One of
these companions, however, places her car at a greater dis-
tance from the crossing when he first observed plaintiff's auto-
mobile.

The case comes here on a second writ of error at the instance
of the plaintiff. On the first trial the circuit court excluded
plaintiff's evidence and directed a verdict for the defendant.
That ruling was set aside and a new trial awarded, on the
former writ. *Jones* v. *Cook,* 90 W. Va. 710. Upon a second
trial the jury rendered a verdict in favor of defendant and
the court entered judgment thereon. Plaintiff assigns the
following as grounds of error:

(1) The alleged improper admission of that part of an
ordinance of the city of Parkersburg providing that "A vehi-
cle overtaking another should pass to the left side of the
overtaken vehicle, and not pull over to the right until entirely
clear of it; excepting that a vehicle overtaking a street car
shall not pass the same to the left but to the right thereof".

This regulation for vehicles moving in the same direction
has no application to the situation presented here, and the
evidence thereof, in our opinion, was inadmissible. Of
course, one vehicle may turn either to the right or left of
another where demanded by the exigencies to avoid injury,
and it was a matter for the jury to decide whether the driver
of the defendant's car should have driven to the left with the
purpose of avoiding the collision.

(2)   The defendant was asked the following question: "I will ask you to state whether or not, if the car that Miss Hickman was driving had been driven in an easterly direction on Sixteenth street and had come in contact with the Jones car and knocked it against the telephone pole you spoke of, would that car have continued to the point where it did, if the Jones car was running at the rate of about 12 miles an hour?"; which he answered, "No". The question and answer are objected to as being within the rule against opinion evidence. We think this testimony was inadmissible although of such character as coming within an exception to the rule. The question does not embody all of the pertinent facts, nor accurately state those comprehended therein. The speed of defendant's car is not considered. It had turned to the left from Sixteenth street and plaintiff's car increased its speed from 10 or 12 miles an hour at the time of the collision.

(3)   That a verdict should have been directed for the plaintiff.

Granting Miss Hickman's negligence and defendants liability therefor, the jury nevertheless should determine whether the plaintiff was also guilty of negligence in approaching or failing to stop at the crossing. The fact that he had the right-of-way would not justify his progress if confronted with danger, nor excuse his inability to stop when his previous lack of care had placed him in such position.

"Where the statute gives right-of-way to a driver approaching an intersecting highway from the right over vehicles approaching from the left, he is not thereby relieved of the duty to use reasonable care to avoid collision with such vehicles approaching from the left". *Charles Burdette* v. *Henson,* decided at this term.

(4)   The trial court improperly submitted to the jury defendant's instruction No. 9, which reads:

> "The court instructs the jury that an automobile is not inherently such a dangerous machine or agency as to make applicable the rules requiring extraordinary care in the use and control of instrumentalities which are dangerous per se. And that the mere fact of relationship alone does not make a stepfather answerable for

the act of his minor step child while driving an auto-mobile. And that in order to make a father liable for the acts of his minor step child in driving an automo-bile, it must be proven that the minor child was a servant or agent of the father and acting within the scope of her employment or agency. And if you further believe from the evidence that the said Ivol Hickman, the stepdaughter of the said defendant, James D. Cook, secured the car in which she was driving with the con-sent of the said James D. Cook, the owner thereof, for the purpose of attending a football parade and that pur-pose only and that after the football parade was over that, without the permission or consent or knowledge of the said James D. Cook she used the said automobile for the purpose of taking herself and her friends for a ride for their mutual pleasure without the permission, knowledge or consent of the said owner, James D. Cook, then you should find for the defendant.''

This instruction clearly violates the ''family automobile doctrine'', first established in this State by the decision on the former writ, as follows:

''Where a person allows his step-daughter, who is a member of his family, to drive an automobile which he maintains for the comfort, convenience, pleasure, enter-tainment and recreation of his family, whereby the step-daughter negligently injures the property of a third party, the owner is liable. The step-daughter while so driving is acting in the furtherance of the owner's pur-pose''.

The rule was re-stated in the case of *Aggleson* v. *Kendall,* 92 W. Va. 138, 114 S. E. 454, in this language:

''Where one owns and maintains an automobile for the comfort, convenience, pleasure, entertainment and rec-reation of his family and entrusts its management to any member thereof, such member will be regarded as the agent or servant of the owner and he will be held liable in damages for injuries sustained by a third person from the negligent management of such machine on the public roads by such agent or servant.''

An actual agency between the owner and driver of the car in such case need not be shown. The law presumes the rela-tionship from the situation and conduct of the parties.

In the case of *King* v. *Smythe*, 140 Tenn. 217, 204 S. W. 296, L. R. A. 1918-F 293, which adheres to this salutary doctrine, dismissing the question as to whether an actual agency between the driver and owner of the car should be established, the court said: "We think the practical administration of justice between the parties is more the duty of the court than the preservation of some esoteric theory concerning the law of principal and agent".

The latter part of the instruction wherein it is stated that the defendant was not liable for the negligent operation of the car if used by his step-daughter without his permission, consent or knowledge, after the football parade, is also erroneous. A continuation of the drive was the natural and probable consequence of her express authorized use of the car for the parade. The defendant had permitted her to use the car for pleasure and he cannot escape responsibility on the ground that she did not specifically obey instructions. *Stowe* v. *Morris*, 147 Ky. 386, 39 L. R. A. N. S. 224, 144 S. W. 52; *Birch* v. *Abercrombie*, 74 Wash. 486, 133 Pacific 1020, 50 L. R. A. N. S. 59; *Smith* v. *Jordan*, 211 Mass. 269, 97 N. E. 761; *Denison* v. *McNorton*, (Ohio) 228 Fed. 401; Huddy on Automobiles (6th Ed.) Sec. 659.

The judgment of the circuit court will be reversed, verdict set aside and new trial awarded plaintiff.

*Reversed and remanded.*