## COHEN et ux. v. HILL. (No. 11555.)*

(Court of Civil Appeals of Texas. Fort Worth. May 8, 1926. Rehearing Denied June 19, 1926.)

**1. Appeal and error ⬤⇒713(3).**

Under district and county court rule 53, order overruling or sustaining special exceptions to a pleading must be in court's minutes and cannot be shown by bill of exceptions.

**2. Damages ⬤⇒158(3).**

Where petition in personal injury action alleged that plaintiff suffered aches and pains all over her body, in absence of bill of exceptions, testimony that she suffered pains in any part of her body from any injury would be admissible.

**3. Trial ⬤⇒85.**

If part of evidence objected to by single exception is admissible and part inadmissible, overruling of objection is not reversible error.

**4. Damages ⬤⇒158(4)—Where petition in personal injury action alleged severe shock to plaintiff's nervous system, proof of injuries not specifically alleged held admissible, even in absence of expert testimony as to effect thereof.**

Where petition in personal injury action alleged that, as result of automobile collision, plaintiff sustained severe shock to her nervous system, held, that proof of injuries received, whether specifically alleged or not, was admissible, even in absence of expert testimony that injuries would tend to produce such nervous condition.

**5. Evidence ⬤⇒509.**

Opinion of medical expert as to how long plaintiff's disability would continue, and statement that it would be hazardous guess to say how long nervous condition would persist, held admissible in personal injury action.

**6. Appeal and error ⬤⇒1068(4)—In personal injury action refusal to instruct jury not to allow damages for certain items not submitted to jury held not reversible error.**

In personal injury action, refusal to instruct jury not to allow damages for medical expenses, hospital bills, drug bills, nurse's hire, or expenses for repairing plaintiff's clothing, held not reversible error, where such items were not submitted to jury.

**7. Trial ⬤⇒351(5).**

Refusal to submit to jury issues covered by issues submitted held not error.

**8. Automobiles ⬤⇒195(5).**

Husband, who bought automobile for wife to be used by wife and family, held liable, under law of principal and agent, for wife's negligence.

**9. Automobiles ⬤⇒245(33).**

Where findings that wife, authorized to drive automobile purchased by husband, was negligent, were supported by evidence, refusal of peremptory instruction for both husband and wife was not error.

**10. New trial ⬤⇒140(3).**

Evidence held not to sustain defendants' claim of misconduct by jury in including attorneys' fees in damages awarded in personal injury action.

On Motion for Rehearing.

**11. Damages ⬤⇒158(1).**

Test whether specifying injuries received in petition requires exclusion of evidence relating to other injuries depends on construction of pleader's language, rather than on rule that inclusion of certain injuries excludes all others.

**12. Pleading ⬤⇒34(3)—As against general demurrer or objections to evidence, every reasonable intendment will be indulged in favor of pleading (district and county court rule 17).**

In view of district and county court rule 17, as against general demurrer or objections to evidence on ground that there is no basis therefor in pleading, every reasonable intendment will be indulged in favor of pleading and effect given to all material allegations when reasonably possible.

**13. Damages ⬤⇒32.**

In personal injury action damages are recoverable for physical pain and shock to nervous system proximately caused by negligence.

**14. Husband and wife ⬤⇒102—Statute held not to exempt husband's separate property from liability for his wife's tort committed while acting as his agent (Rev. St. 1925, art. 4613).**

Rev. St. 1925, art. 4613, providing that husband's separate property shall not be subject to wife's torts, refers only to marriage relation, and does not exempt his property from liability for tort committed by wife while acting as his agent.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by Laura Hill against Max Cohen and wife. Judgment for plaintiff, and defendants appeal. Judgment affirmed as reformed.

Crowley & Crowley, of Fort Worth, for appellants.

Hyer & Christian, of Fort Worth, for appellee.

DUNKLIN, J. Max Cohen and his wife, Mrs. Mary Cohen, have appealed from a judgment against them in favor of Miss Laura Hill, for personal injuries sustained by her as the result of a collision between an automobile driven by Mrs. Cohen and another car in which plaintiff was riding; the recovery being based upon findings of negligence on the part of Mrs. Cohen, which was the proximate cause of the collision and consequent injuries to the plaintiff.

In her petition plaintiff alleged that she had incurred expenses for medicines, medical treatment, and for services of a nurse, all of which were made necessary to properly care

for the injuries sustained in the accident, and she sought a recovery for damages by reason thereof and also for injury done to her wearing apparel; an itemized statement of all such claims being set out in the petition.

In addition to those damages, she claimed damages for the following personal injuries:

"(1) Her right foot and leg has been cut and lacerated and severely bruised. That a condition of swelling has set in, which is most painful and annoying to this plaintiff.

"(2) That plaintiff has sustained a severe wrench of her left side, which pains her severely, and has since the time of the collision, and she has reason to believe and does believe that it will continue for some time to come.

"(3) Plaintiff would show that she has sustained a severe shock to her nervous system, and that it is difficult for her to sleep at night, and she has been transformed from a healthy, normal person, of average composure, into a highly nervous person, which condition persists, and which she has reason to believe and does believe will be of more or less permanent nature.

"(4) That her entire body is subject to aches and pains, which she did not suffer from prior to said collision, and which has persisted since said collision and which have caused her great pain and suffering, and this plaintiff has been internally hurt, and that said injury is permanent in its nature.

"Plaintiff would show that because of the foregoing injuries which were caused by the said carelessness and negligence of the defendants, and because of the said pain and suffering which she has sustained, she has been damaged thereby to the further sum of $2,500.

"Plaintiff would show: That she is a young woman 25 years of age and is engaged in earning her own living and is a school teacher in the public schools of Fort Worth. That notwithstanding the pain and suffering she experienced, she has been compelled by necessity to attend upon her work during the day, but has been compelled to take her bed when not actually in school, in order to make it possible for her to attend upon the said school duties, and this plaintiff alleged that her injuries have greatly decreased her earning capacity and that her earning capacity will be permanently decreased because of said injuries, caused by the negligence of defendants. That because of said decrease in earning capacity, plaintiff would show that she has been damaged to the extent of $5,-000.

"Wherefore, premises considered, plaintiff prays that citation issue, and that upon hearing she have judgment against the defendants jointly and severally, in the amount of her damage to the sum of $7,700.63, together with costs and all other relief to which she shall show herself entitled."

Numerous special exceptions were addressed to the petition, presenting the contention that the allegations of personal injuries, and that plaintiff's earning capacity had been thereby impaired, were too vague, uncertain, and indefinite, and did not state the manner and extent of the injuries, and therefore were insufficient to put the defendants upon notice of the facts upon which plaintiff intended to rely for recovery.

Neither in the propositions shown in appellants' brief, in which complaint is made of the action of the court in refusing to sustain the special exceptions, nor in the statement following those propositions, is there any reference to any order of court entered in the minutes passing upon the exceptions, although the transcript shows bills of exception, approved by the court, reciting the fact that the special exceptions were presented and overruled.

[1] It is settled by rule 53 for the government of district and county courts, and by numerous decisions of this state, that an order of court overruling or sustaining special exceptions to a pleading must be entered in the minutes of the court, and cannot be shown by a bill of exception. Ilseng v. Carter (Tex. Civ. App.) 158 S. W. 1163; Withers v. Crenshaw (Tex. Civ. App.) 155 S. W. 1189 (writ of error dismissed for want of jurisdiction); Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 471 (writ of error denied); Alvord National Bank v. Waples-Platter Gro. Co., 54 Tex. Civ. App. 225, 118 S. W. 232; Dobson v. Zimmerman, 55 Tex. Civ. App. 394, 118 S. W. 236; Bishop v. Mount (Tex. Civ. App.) 152 S. W. 442. It follows, therefore, that the special exceptions to plaintiff's petition must be considered as having been waived by the defendants, and the assignments of error based thereon are accordingly overruled.

[2-4] Several assignments of error are presented to the action of the court in overruling appellants' objections to testimony to the injuries sustained by plaintiff, on the ground that they were not alleged in the petition. Those injuries included a scar on plaintiff's face, injuries to her ear, neck, back, right side, arm, jaw, and ribs. On the same ground, objections were also made to proof of medical treatment, nursing, and drug bills incurred by reason of all of those injuries, and pain suffered as a result thereof. It would unduly prolong this opinion to set out in detail all of the testimony objected to, but the substance of it is indicated by what is said above. Many of the bills show that, in addition to testimony as to the injuries just designated, plaintiff suffered pains therefrom. It will be noted that in plaintiff's petition there was an allegation that she had suffered aches and pains all over her body. In the absence of a bill of exception to that allegation, testimony that she suffered pains in any part of her body from any injury would be admissible. It is a familiar rule that if a part of the evidence objected to by a single exception is admissible, and a part inadmissible, the overruling of the objection does not constitute reversible error. Furthermore, plaintiff alleged specifically that she had sustained a severe shock to her nervous system; that it was difficult for her to sleep at night; and that she had been transformed from a normal per-

                            (286 S.W.)

son of average composure into a highly nervous person, which condition she had reason to believe to be more or less permanent, all of which resulted from the collision complained of. In view of those allegations, we believe that proof of all the injuries she received, whether specifically alleged or not, was admissible. And in the charge of the court the jury was expressly instructed not to consider any injuries not specifically alleged in the petition, except in so far as the jury believed those injuries affected her nervous system, and that they would limit any damages they might find to compensation for the injuries specifically alleged in the petition, and for physical pain and mental anguish resulting therefrom, and for injury to her nervous system.

Under the general allegation of injury to her nervous system, to which no special exception was properly presented, proof of all injuries sustained by her, we believe, would be admissible, and that would be true even in the absence of any expert testimony to the effect that such injuries would tend to produce such nervous condition, since such matters are within the common knowledge and experience of men, and no specific testimony is required with reference thereto. For the reasons just noted, we overrule all assignments of error addressed to the admission of all the testimony referred to above for lack of sufficient pleadings as a basis therefor.

[5] Dr. Schoonover, who attended the plaintiff, testified that in his opinion it would be a year before the tenderness in the muscles of plaintiff's leg and side would be relieved. He further testified that it would be a hazardous guess to say how long her nervous shock would persist. There is no merit in appellants' objection to that testimony. The witness showed himself fully qualified to give an opinion as to how long the physical disability would continue, and he gave no opinion at all as to how long the nervous condition would continue, saying that that would be merely a guess, and he did not offer even a conjecture on that point.

What we have already said is a sufficient answer to the assignment addressed to the refusal of the court to give to the jury a special instruction not to consider any injuries sustained by plaintiff other than those specifically alleged in her petition.

[6] The court did not submit to the jury plaintiff's claim for medical expenses, hospital bills, drug bills, nurse's hire, or expenses for repairing her clothing and other wearing apparel which was damaged in the collision. Hence no reversible error was shown in the refusal of the court to instruct the jury not to allow any damages by reason of those items. Furthermore, as will further appear in the course of this opinion, appellee has conditionally offered to remit the sum of $200, the amount claimed for those items, and our conclusion to require such is a further answer

to other assignments addressed to the admission of testimony to establish those items of damages.

The testimony showed that the collision in controversy occurred at the intersection of Daggett avenue, which runs in an easterly and westerly direction across South Adams street, which runs in a northerly and southerly direction; that at the time of the accident the plaintiff was riding in an automobile with Miss Willie May McCord and was traveling in an easterly direction along Daggett avenue; that the car in which they were riding was struck by a Special Six Studebaker sedan while being driven by the defendant, Mrs. Mary Cohen, and was badly wrecked by the force of the impact; and that plaintiff's injuries were sustained as a result of the car in which she was riding being turned over and demolished.

In answer to special issues, the jury found that immediately before and at the time of the collision Mrs. Cohen was driving her car at a speed of 35 miles an hour, which constituted negligence on her part, and which negligence was the proximate cause of the collision.

The jury further found that as Mrs. Cohen's car approached the point of the collision, she discovered that the car in which plaintiff and Miss McCord were riding was in danger of being struck by her car, and that after making that discovery she failed to exercise ordinary care to use all the means at her command, consistent with the safety of her own car and herself, to avoid a collision. In other words, the jury found negligence on the part of Mrs. Cohen, not only in the first instance, but also that she was guilty of negligence after she had discovered plaintiff's peril.

In answer to further special issues, the jury found that plaintiff did not fail to keep a proper lookout for probable danger of a collision as the car in which she was riding approached the place of the collision, and that she was not guilty of negligence, under all the facts and circumstances at the time and place in question and immediately prior to the collision, to warn Miss McCord, who was driving the car, that the automobile she was then driving was entering a place of danger. The jury further found that Miss McCord drove her automobile directly in front of the passageway of Mrs. Cohen's car, but that in so doing she was guilty of no negligence. They further found that as a result of the collision plaintiff sustained injuries to her right leg, left side, and her nervous system, which were proximately caused by the collision, and that she sustained damages by reason thereof and by reason of the physical pain and mental anguish resulting therefrom, which the jury found to be $3,750.

[7] There was no error in refusing to submit the further issues of alleged contributory negligence of plaintiff, requested by the de

fendant, as to whether or not plaintiff gave any warning to Miss McCord at the time the car in which they were riding reached the crossing where the accident occurred, and as to whether or not she was guilty of negligence in failing to give such warning; since those issues were sufficiently covered in the issues already submitted by the court on the defense of plaintiff's alleged contributory negligence, and which issues were determined in plaintiff's favor, as shown above, since plaintiff testified that she did not give such warning, and explained why she failed to do so.

[8] The defendant Mrs. Cohen testified without contradiction that the car in which she was riding on the occasion in controversy was bought by her husband, defendant Max Cohen, and given to her for the use of herself and family. Under such circumstances, the court did not err in refusing to peremptorily instruct a verdict in favor of defendant Max Cohen. The husband having undertaken to supply his family with the conveniences and pleasures of traveling in an automobile, having purchased a car for that use. and having authorized his wife to drive it for that purpose; he is responsible for her negligence in so doing, under the law of principal and agency, if for no other reason. Allen v. Bland (Tex. Civ. App.) 168 S. W. 35 (writ of error denied); Flores v. Garcia (Tex. Civ. App.) 226 S. W. 743; and decisions noted in 5 A. L. R. 226; 10 A. L. R. 1449; 14 A. L. R. 1087.

[9] The findings of negligence on the part of the defendant Mrs. Mary Cohen, both before and after she discovered plaintiff's perilous situation, were amply supported by the testimony; hence there was no error in refusing a peremptory instruction in behalf of both defendants.

One of the grounds urged in appellant's motion for new trial was alleged misconduct of the jury in three respects: First, that they took into consideration and allowed damages for doctor bills and medicine incurred by plaintiff in treatment of her injuries; second, that an allowance of attorneys' fees for prosecuting the suit was included in the amount of damages awarded the plaintiff; and, third, that the jury allowed as damages $1,800 for plaintiff's expenses for resting one year, and $500 for her inability to teach summer school, without pleading or proof to sustain such findings.

Only two jurors were introduced to sustain those allegations, and, according to the testimony of both of them, it appears that in their estimate of the damages for which plaintiff was entitled to recover, they did probably include the expenses incurred by plaintiff for medicine and medical treatment, which, under no phase of the evidence, exceeded $200. Appellee has signified a willingness to remit $200 of the judgment recovered. if this court is inclined to hold that such remittitur should be required.

[10] As noted above, the court did not submit the issue of plaintiff's right to recover those expenses, although we perceive no valid reason why it should not have been submitted. However, in view of appellee's offer, as noted above, we will require a remittitur to be filed by the appellee in the sum of $200 as a condition for the affirmance of the judgment, as hereinbefore shown. We do not think that the testimony was sufficient to sustain the contention that the jury, in their allowance of damages, included attorneys' fees, supposed to have been incurred by the plaintiff for the prosecution of her suit. One of the jurors testified that the question of attorneys' fees which plaintiff probably had incurred was discussed by him and other jurors, some of them stating that usually in such cases the attorneys for plaintiff receive various proportions of the recovery, extending from 20 per cent. to 50 per cent. But when pressed for a specific answer as to whether or not in estimating plaintiff's damages he did in fact allow for attorneys' fees, he gave an evasive answer. Furthermore, the estimate of 20 per cent for attorneys' fees was made by that witness in the discussion with other jurors, as testified to by him, and his testimony upon a hearing of the motion reasonably tended to show that he did not include any attorneys' fees, since the items of damages which he thought plaintiff was entitled to recover aggregated an amount which reasonably tended to show that, with the exception of the $200 allowed for medical treatment and. drugs, the verdict reached included only damages which were clearly recoverable under the court's charge. The other juror who testified stated that, if there was any discussion of attorneys' fees by any of the jurors, he did not hear it. Nor do we think the testimony of the two jurors definitely supported the third ground alleged to show misconduct. Since the court heard all of the testimony upon the issue of alleged misconduct, we are unable to say that he abused his discretion in overruling the motion for new trial, based upon a discussion of attorneys' fees. Especially is this true, in view of the fact that all of the findings were amply supported by testimony. Foley v. Northrup, 47 Tex. Civ. App. 277, 105 S. W. 229; International-Great N. Ry. Co. v. Smith (Tex. Civ App.) 269 S. W. 886; Marshall Mill & Elevator Co. v. Scharnberg (Tex. Civ. App.) 190 S. W. 229; West Lumber Co. v. Tomme (Tex. Civ. App.) 203 S. W. 784 (writ of error denied); Fort Worth & D. C. Ry. Co. v. Smithers (Tex. Civ. App.) 228 S. W. 637; Kaker v. Parrish (Tex. Civ. App.) 187 S. W. 517 (writ of error denied); City of Fort Worth v. Charbonneau (Tex. Civ. App.) 166 S. W. 387.

In cases cited by appellants to support the assignment now under discussion, such as Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; Gulf, C. & S. F. Ry. Co. v. Harvey (Tex. Com.

App.) 276 S. W. 895; Southern Tract. Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104, etc., it definitely appeared, from the testimony introduced to show misconduct of the jury, that but for matters not in evidence, and which were improperly considered by the jury, the verdict would have been different from that which was returned. Hence, those decisions have no proper application in this case.

We do not believe that the remarks of the court during the introduction of testimony were of such a character as probably influenced the jury in plaintiff's favor, as complained of in another assignment of error. We shall not undertake to set them out in full, as the bill showing them is lengthy, and to copy the proceedings in full, in order to show the remarks of the court, would unduly extend this opinion; but we have carefully considered them, and for the same reasons, all of the numerous assignments of error, presented in some 20 propositions thereunder, contained in appellants' brief, which are not discussed above, but which have been duly considered, are hereby overruled, without further discussion.

Upon appellee's offer to remit $200 of her recovery, the judgment of the trial court is hereby so reformed as to reduce the amount of the judgment to the extent of $200; and said judgment is hereby affirmed for the principal sum of $3,550. as of the date of its rendition, with interest thereon at the rate of 6 per cent. per annum, and costs of suit in the trial court; and costs of appeal are adjudged one-half against appellants, and one-half against appellee.

## On Motion for Rehearing.

Appellants insist, with much earnestness, that we erred on original hearing of this cause in overruling their many assignments of error to the admission of testimony tending to show several bodily injuries sustained by the appellee in the accident other than those specifically alleged, and pointed out in our original opinion. Following are some of the leading cases relied on in support of that contention: Houston & T. C. Ry. Co. v. Gerald, 60 Tex. Civ. App. 151, 128 S. W. 169; Southern P. Co. v. Martin, 98 Tex. 322, 83 S. W. 675; Northern Texas T. Co. v. Jenkins (Tex. Civ. App.) 266 S. W. 176; Southwestern Telegraph & Telephone Co. v. Tucker (Tex. Civ. App.) 98 S. W. 909; Campbell v. Cook, 86 Tex. 630, 26 S. W. 487, 40 Am. St. Rep. 878; Hall v. Coal & Coke Co., 260 Mo. 351, 168 S. W. 933, Ann. Cas. 1916C, 375.

In Southern P. Co. v. Martin, supra, the following was quoted with approval from an authority there cited, to wit:

"While it may be sufficient to specify the main fact, yet if it is attempted to particularize the injuries arising from the principal one, all that it is designed to prove should be alleged."

In that case the following was said:

"After making the general allegation, 'his body was bruised and lacerated from head to foot by heavy boxes and other * * * articles falling upon him,' the petition entered with remarkable particularity into the statement of the various injuries which the plaintiff claimed to have received in the accident, which were sufficient in number and character to justify, if true, the statement that he was 'bruised and lacerated from head to foot,' and one reading the petition is impressed with the view that the pleader intended to specify in what manner his 'body was bruised and lacerated from head to foot.'"

[11, 12] It was then held that the court erred in admitting proof of fracture of the femur or thigh bone and that the limb was shortened, since those injuries were not alleged in the petition, and they were not such injuries as would necessarily result from those alleged. Other decisions cited by appellant are to the same general effect. As indicated by the language noted above in the Martin Case, the test to be applied is a rule of construction of the language used by the pleader in order to determine what was really meant, rather than a hard and fast rule that the inclusion of certain injuries would exclude all others. It is a familiar rule that as against a general demurrer, and as against objections to proof on the ground that there is no basis therefor in the pleading, every reasonable intendment will be indulged in favor of the pleading, and effect will be given to all of its material allegations when reasonably possible. Flint, etc., Mfg. Co. v. Beckett, 167 Ind. 491, 79 N. E. 503, 12 L. R. A. (N. S) 824. And especially is this true when the objection is raised for the first time when evidence is offered to support the pleading. German Nat. Bank v. Kautter, 55 Neb. 103, 75 N. W. 566, 70 Am. St. Rep. 371. See, also, 21 R. C. L. pp. 464–466; rule 17 of rules for district and county courts.

[13] Those general rules furnish the only proper guide, since it is hardly to be expected to find two decisions involving exactly the same conditions with reference to the pleadings and the evidence offered in support thereof. Undoubtedly, damages are recoverable for physical pain and a shock to the nervous system, proximately caused by the negligence of another. Those results were specifically alleged in plaintiff's pleading, and damages were claimed by reason thereof; and we believe it would be unreasonable to conclude that the allegations in the petition to the effect that plaintiff has sustained a severe shock to her nervous system, rendering it difficult for her to sleep at night, and that her entire body is subject to aches and pains which she did not suffer prior to the collision, should be limited to such results only as flowed from the specific injuries to her right foot and leg and left side. It is reasonably inferable that aches and pains throughout the entire body necessarily resulted from

bodily injuries, a part of which were other than those specifically alleged; and while under the pleading there could be no recovery for impaired ability to transact business resulting from such other injuries, yet in the absence of a special exception to the allegation, they could be proven in order to show physical suffering resulting therefrom.

We believe this conclusion finds ample support in the following decisions: Northwestern Nat. Ins. Co. v. Woodward, 18 Tex. Civ. App. 496, 45 S. W. 185 (writ of error denied); Tex. Elec. Co. v. Worthy (Tex. Civ. App.) 250 S. W. 710; Ft. Worth & D. C. Ry. Co. v. Morrison, 58 Tex. Civ. App. 158, 123 S. W. 621; Missouri, K. & T. Ry. Co. v. Hawk, 30 Tex. Civ. App. 142, 69 S. W. 1037; Texas Cent. Ry. Co. v. Wheeler, 52 Tex. Civ. App. 603, 116 S. W. 83; Southern Telegraph & Telephone Co. v. Evans, 54 Tex. Civ. App. 63, 116 S. W. 418; Texas & P. Ry. Co. v. Curry, 64 Tex. 85; Southern Pac. Ry. Co. v. Sorey (Tex. Civ. App.) 142 S. W. 119; rule 17 for district and county courts, Harris' Rules of Courts, p. 145, and decisions there cited.

Complying with appellants' request for further findings, we will say that in addition to bodily injuries testified to by plaintiff, enumerated in our former opinion, to which appellants objected because not specifically alleged, were the following: Injury to face leaving a scar and causing swelling and numbness, injury back of ear causing formation of tumor or cyst, and bruise on left knee and left leg which left varicose veins—from all of which plaintiff testified she has suffered pains.

In addition to the authorities cited in our former opinion to support the conclusion there reached that the appellant Max Cohen having undertaken to supply his family with the conveniences and pleasures of traveling in an automobile, and having purchased a car for that use, and having authorized his wife to drive it for that purpose, he is responsible for her negligence in so doing, under the law of principal and agent, we wish to add the following:

In Plasch v. Fass, 144 Minn. 44, 174 N. W. 438, 10 A. L. R. 1446, it was held that the husband was liable for the negligence of the wife in the operation of an automobile furnished by him for the comfort and pleasure of the family, and the opinion shows a discussion of numerous authorities to support that ruling. The same ruling was made in the following cases: McWhirter v. Fuller & Wife (1918) 170 P. 417, by the Supreme Court of California; Hutchins v. Haffner (1917) 63 Colo. 365, 167 P. 966, L. R. A. 1918A, 1008, by the Supreme Court of Colorado; Ulman v. Lindeman (1919) 44 N. D. 36, 176 N. W. 25, 10 A. L. R. 1440, by the Supreme Court of North Dakota; Boes v. Howell (1918) 24 N. M. 142, 173 P. 966, L. R. A. 1918F, 288, by the Supreme Court of New Mexico; Watts v. Lefler (1925) 190 N. C. 722, 130 S. E. 630, by the Supreme

Court of North Carolina; Stickney v. Epstein (1923) 100 Conn. 170, 123 A. 1, by the Supreme Court of Connecticut.

It is stated in a note beginning on page 228, vol. 5, A. L. R., that the rule of liability of the head of a family for the negligence of his child in operating an automobile furnished by him for use of the family has been followed in Arizona, California, Georgia, Minnesota, Missouri, Montana, South Carolina, Tennessee, Texas, and Washington. And the following is quoted from the opinion of the Supreme Court of Tennessee in King v. Smythe (1918) 140 Tenn. 217, 204 S. W. 296, L. R. A. 1918F, 293:

"If a father purchases an automobile for the pleasure and entertainment of his family, and, as Dr. Smythe did, gives his adult son, who is a member of his family, permission to use it for pleasure, except when needed by the father, it would seem perfectly clear that the son is in the furtherance of this purpose of the father while driving the car for his own pleasure. It is immaterial whether this purpose of the father be called his business or not. The law of agency is not confined to business transactions. It is true that an automobile is not a dangerous instrumentality so as to make the owner liable, as in the case of a wild animal loose on the streets; but, as a matter of practical justice to those who are injured, we cannot close our eyes to the fact that an automobile possesses excessive weight, that it is capable of running at a rapid rate of speed, and when moving rapidly upon the streets of a populous city, it is dangerous to life and limb and must be operated with care. If an instrumentality of this kind is placed in the hands of his family by a father, for the family's pleasure, comfort, and entertainment, the dictates of natural justice should require that the owner should be responsible for its negligent operation, because only by doing so, as a general rule, can substantial justice be attained."

In the case of Allen v Bland, 168 S. W. 35, a judgment against a father for damages resulting from the negligence of his son, an 11 year old boy, was affirmed by the Court of Civil Appeals and a writ of error was refused by our Supreme Court. While that suit seems to have been based on alleged negligence of the father in permitting the boy to drive the car, yet the court cited with approval, as applicable to the case, several decisions supporting a recovery under like circumstances by reason of the fact that by furnishing a car for the use of the family, the member who operates it for that purpose thereby becomes his agent, for whose negligence he is liable. The same doctrine was announced and followed in Marshall v. Taylor, 168 Mo. App. 240, 153 S. W. 527; Miller v. Weck, 186 Ky. 552, 217 S. W. 904; Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L. R. A. (N. S.) 224; Linch v. Dobson (1922) 108 Neb. 632, 188 N. W. 227, by the Supreme Court of Nebraska; Gates v. Mader (1925) 316 Ill. 313, 147 N. E. 241, by the Supreme Court of Illinois; Van Blaricom v. Dodgson (1917) 220 N. Y. 111, 115

(286 S.W.)

N. E. 443, L. R. A. 1917F, 363, by the Court of Appeals of New York; Jones v. Cook (1924) 96 W. Va. 60, 123 S. E. 407, by the Supreme Court of West Virginia; Flores v. Garcia (Tex. Civ. App.) 226 S. W. 743; Berry on Automobiles, §§ 653, 660, 664, 665, 666, 667, 668, 673, 674.

Whether the car is driven by the wife or some other member of the family makes no difference, in principle, in the application of the doctrine of principal and agent.

[14] The provision of article 4613, Rev. Statutes of 1925, that the separate property of the husband shall not be subject to the torts of the wife, has reference only to the marriage relation. It does not apply to the relation of principal and agent, and does not exempt his separate property from liability for a tort committed by the wife while acting as his agent and under his express authority.

All other questions raised in the motion for rehearing have been sufficiently disposed of in our former opinion, and we adhere to the conclusions there expressed.

Accordingly, the motion for rehearing is overruled.