**HANSEN et al. v. CITY OF STAMFORD et al. (No. 230.)**

Court of Civil Appeals of Texas. Eastland. April 8, 1927.

**1. Appeal and error ⊂⊃713(3)—Order overruling or sustaining special exceptions cannot be shown by bill of exception alone.**

Order overruling or sustaining special exceptions to a pleading must be in the court's minutes and cannot be shown by bill of exception alone.

**2. Railroads ⊂⊃344(10)—Answer containing denials and alleging contributory negligence in driving automobile into cut intersecting street and railroad held not demurrable.**

Answer, to action against city and railroad for damages based on personal injuries sustained by plaintiffs when automobile in which they were riding plunged into a cut at intersection of street and railroad track, containing general and special denials and affirmatively alleging contributory negligence *held* not subject to demurrer.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
293 S.W.—58

Appeal from District Court, Jones County; Bruce W. Bryant, Judge.

Suit by Julius Hansen and another against the City of Stamford and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Brooks, Smith & Robinson, of Anson, for appellants.

Thomas, Pope & Shapard, of Anson, Davenport & Hardwick, of Stamford, and Thompson, Barwise & Wharton, of Fort Worth, for appellees.

LESLIE, J. This is a suit by Julius Hansen and John Jenson, a minor, acting by and through his next friend, N. Jenson. The appellants herein sued the city of Stamford and the Wichita Valley Railroad Company, appellees herein, for damages, based upon personal injuries sustained by them when a Ford car in which they were driving plunged downward some 14 feet into a cut at the intersection of a street of the city and the track of the railroad company. The condition of the street and the unguarded condition of the cut, as well as its existence at that point, were charged by the appellants as constituting acts of negligence upon the part of the appellees, proximately contributing to the injuries of the appellants. Each defendant answered by general and special exception, general and special denial, and affirmatively alleged various acts of contributory negligence upon the part of the appellants proximately causing the injuries complained of. The trial was before a jury, and in answer to numerous special issues the jury acquitted the defendants of the charges of negligence and found that the appellants, plaintiffs below, were guilty of contributory negligence in various ways, which was the proximate cause of the injuries received. An appeal has been properly perfected to this court.

The appellants urge four propositions, which, they contend, should reverse the judgment entered against them in the trial court.

The first proposition contends that the court erred in sustaining defendants' special exceptions Nos. 2, 3, 4, 5, and 6 to certain parts of the plaintiffs' pleadings.

Plaintiffs' fourth proposition contends that the court erred in overruling the plaintiffs' special exception to portions of the defendants' answers contained in paragraphs 6, 7, 8, 9, and 10 of its first amended original answer.

[1] By reference to the transcript we find that the only way the action of the trial court in the respects complained of is shown is by a bill of exceptions. There is no order or judgment of the court showing that the court so ruled on these exceptions, and the law requires that an order overruling or sustaining special exceptions to a pleading must be in the court's minutes and cannot be shown by a bill of exception alone. Cohen et ux. v. Hill (Tex. Civ. App.) 286 S. W. 661; Wichita Valley, Ranger & Fort Worth Ry. Co. v. Mendoza (Tex. Civ. App.) 240 S. W. 570; Daniel v. Daniel (Tex. Civ. App.) 128 S. W. 469.

[2] The second and third propositions urged by appellants are to the effect that the court erred in overruling plaintiffs' general demurrer to the answers, respectively, of the defendant city of Stamford and the defendant Wichita Valley Railway Company. These answers have been read and present not only general and special denials of the allegations contained in the plaintiffs' petition, but affirmatively allege different acts of contributory negligence on the part of the plaintiffs, which acts are alleged to have proximately contributed to the injuries sustained.

There was no error in the court's action in overruling these general demurrers, and to have sustained them would have been reversible error.

For the reasons assigned, the judgment of the trial court is affirmed.