STANLEY N. VAUGHAN, JR., *etc.*

*v.*

ALICE D. OATES

STANLEY N. VAUGHAN FUNERAL HOME, INC.

*v.*

ALICE D. OATES

*and*

ALICE D. OATES

*v.*

STANLEY N. VAUGHAN FUNERAL HOME, INC., *et al.*

(No. 9761)

Submitted January 15, 1946.   Decided March 5, 1946.

*Ambler, McCluer & Davis* and *Robert B. McDougle,* for plaintiff in error.

*John J. Yankiss* and *T. M. McIntire,* for defendant in error.

Fox, Judge:

These actions grew out of a collision between two motor vehicles, at the intersection of Juliana and Tenth Streets, in the City of Parkersburg, which occurred on the 1st day of August, 1942. One of the vehicles was an undertaker's ambulance, owned by Stanley N. Vaughan Funeral Home, Inc., which was driven by its employee, Stanley N. Vaughan, Jr. The other was an automobile owned and operated by Alice D. Oates. Stanley N. Vaughan, Jr., instituted his action against Alice D. Oates in the Circuit Court of Wood County, for alleged personal injuries growing out of such collision. Stanley N. Vaughan Funeral Home, Inc., instituted its action against Alice D. Oates, in said court, for damages to its ambulance. Alice D. Oates instituted, in the same court, her action against the Stanley N. Vaughan Funeral Home, Inc., and Stanley N. Vaughan, Jr., for damages to her automobile. These actions were consolidated in the circuit court, pursuant to the rule adopted by this Court on June 22, 1940, under the heading: "PROCED-

URAL RULE RESPECTING CROSS-ACTIONS IN TORT", appearing in Volume 125 of our Reports. Being so consolidated and tried, there was a verdict in favor of Stanley N. Vaughan, Jr., against Alice D. Oates for the sum of five hundred dollars; and in favor of Stanley N. Vaughan Funeral Home, Inc., for thirty-five hundred dollars. There was no verdict on the claim of Alice D. Oates. Judgments were rendered by the Circuit Court on said verdicts in favor of the prevailing parties, and against said Alice D. Oates, and she prosecutes this writ of error.

The declarations in the two cases against Alice D. Oates contain the usual allegations of duty and the breach thereof, and, in addition thereto, are based upon the claim that the ambulance aforesaid, driven by Stanley N. Vaughan, Jr., had some character of privilege and priority at the intersection of the streets where the collision here involved occurred, over other vehicles, under an ordinance of the City of Parkersburg, Section 4(a) of which reads as follows: "The officers and men of the Fire Department with their fire apparatus of all kinds, hospital ambulances, officers and men and vehicles of the Police Department, shall have the right of way on any street and through any procession, except over vehicles carrying the United States Mail, in responding to calls or orders in their several departments and when sounding the warning signals upon their respective vehicles." The evidence in the case is to the effect that several years prior to the date of the accident there was an oral agreement between the undertakers in the City of Parkersburg and the city, by which it was agreed that undertakers owning ambulances were to answer emergency calls made by the police department, and that, at the time of the collision here involved, the ambulance of the funeral home was being operated by its employee while responding to a call of the police department to pick up a person injured in an accident in another part of the city. The declaration filed by Alice D. Oates is the usual declaration in negligence cases, and

calls for no particular comment. Bills of particulars were called for by all the parties and furnished.

There was a plea of the general issue on the part of Alice D. Oates, and in each of the cases against her she filed two special pleas, in the second of which, in each case, she set up the ordinance of the city quoted above, and averred that the ambulance owned by the funeral home, and operated by its employee, did not come within the description of the vehicles which, by the city ordinance, were given the right of way mentioned therein. There was a plea of the general issue in the case in which Alice D. Oates was plaintiff, and the three actions were jointly tried on these declarations, the bills of particulars, and the pleas aforesaid.

Juliana Street in the City of Parkersburg runs approximately north and south; and Tenth Street east and west. Juliana is a through street, and, ordinarily, vehicles travelling thereon have the right of way. There is a stop sign located on Tenth Street, approximately eighteen feet west of its intersection with Juliana Street. The ambulance of the funeral home was travelling on Tenth Street in an easterly direction toward Juliana Street. It is admitted by plaintiffs, in the two actions against Alice D. Oates, that the driver of the ambulance did not stop when approaching the Juliana Street; but it is claimed by him that at a point at or near the stop sign he looked down Juliana Street, along which he could see for a distance of one hundred fifty feet, and that he saw no vehicles approaching him from the south. He also looked north and observed none approaching from that direction. The person who was in the ambulance with the driver first saw the Oates automobile approaching on Juliana Street, when it was about eighty-two feet away. The driver of the ambulance proceeded partly across Juliana Street, and when he reached a point near the eastern curb of that street, the automobile driven by Alice D. Oates struck the rear right wheel of the ambulance, and, it is contended, struck it with such force that it raised the rear end of the ambulance, caus-

ing it to turn around, turn over, and finally come to rest on Tenth Street some ninety feet east of Juliana Street. The driver of the ambulance says he first saw the Oates automobile when it was some forty feet distant; and he also says that the ambulance was being driven at a reasonable rate of speed, probably not in excess of twenty-five miles an hour. Several witnesses, who saw the collision from residences and other points near the scene, substantially support the statements of the driver of the ambulance, as to his action and conduct and as to the speed of the ambulance. On the other hand Alice D. Oates testified that she was driving her Cadillac automobile up Juliana Street, having started from a garage on Seventh Street; that while driving up Juliana Street she slowed to permit a police car to pass her; that, being acquainted with the Tenth Street intersection, and a turn in Juliana Street some eighty feet south of Tenth Street, she proceeded with her car under control, at a speed not exceeding twenty or twenty-five miles an hour; and that when she got within some forty feet of the intersection, she first observed the ambulance entering Juliana Street and applied her brakes and did what she could to prevent the collision. She says that the ambulance was travelling at a higher rate of speed than the automobile she was operating. Her mother, who was riding in the rear seat of the automobile, testified, in substance, to the same state of facts.

While not assuming to pass upon the force and effect which should be given to the testimony in the cases, we think it clear that it raised several questions which properly should have been referred to the jury under proper instructions of the court; and, certainly, called for instructions which would have permitted the jury to find for either the plaintiffs in the Vaughan cases, or for Alice D. Oates in her case; or, on the theory of concurrent or contributory negligence, which proximately contributed to the injury or damage sustained in the collision, for neither.

It is not necessary further to comment on these facts,

for three distinct errors call for reversal of the judgments, and the setting aside of the verdicts in these cases. These errors are: (1) Treating the ambulance as a police car with special rights over other vehicles operated by private owners under the above quoted ordinance of the City of Parkersburg; (2) denying to Alice D. Oates, in the trial of the cases, the right to present as a defense contributory or concurrent negligence of the driver of the ambulance; and (3) treating the cases as one in which it was proper to invoke the doctrine of last clear chance.

First: On the question of the effect to be given to the ordinance of the City of Parkersburg quoted above, we must consider whether there was ever any legal and binding agreement between the plaintiff, Vaughan Funeral Home, Inc., and the City of Parkersburg, touching the alleged understanding that owners of ambulances should respond to emergency calls of the police department. The testimony on this point is that of Stanley N. Vaughan, connected with and manager of the funeral home, who says: "During the time Mr. DeBussey was mayor, the City not having an ambulance, the funeral directors were instructed they were to answer any emergency police calls and we were to have a month about each funeral director was to have a month in which he answered emergency calls"; and that of the chief of police of Parkersburg at the time of the trial, who testified that: "I had arrangements with the various undertakers in the City of Parkersburg that in cases of emergency they shall be called and they will use their ambulances as police cars without charge" and that this arrangement was still in effect. These understandings were oral, and there is nothing to show that Mr. DeBussey, or the chief of police, had authority to make the arrangements mentioned. We do not think that, upon those understandings, ambulances owned by undertakers in the city can be classified as police cars within the meaning of the quoted ordinance. But even if we waive that objection, a reading of the ordinance itself does

not purport to confer upon drivers of police cars the right to operate them negligently. The ordinance merely says that "hospital ambulances, officers and men and vehicles of the Police Department, shall have the right of way on any street and through any procession, * * *." In *Burdette* v. *Henson*, 96 W. Va. 31, 122 S. E. 356, it was held: "Where the statute gives right of way to a driver approaching an intersecting highway from the right over vehicles approaching from the left, he is not thereby relieved of the duty to use reasonable care to avoid collision with such vehicles approaching from the left"; and in *Jones* v. *Cook*, 96 W. Va. 60, 123 S.E. 407, we held: "A city ordinance giving to a vehicle approaching a street crossing on one of the intersecting streets right-of-way over vehicles traveling on the other does not relieve the driver of the former vehicle from the duty of exercising reasonable care to avoid collision with the latter." So, if the ambulance should be considered a police car, and as coming within the terms of the ordinance, the duty to exercise reasonable care in its operation still remained. For this reason, we think it was error to conduct the trial upon the theory that the ambulance had a superior right to cross Juliana Street in the face of traffic approaching on that street from either direction, and that, in effect, its driver was not under a duty to exercise reasonable care in approaching and crossing the intersection. That was the theory upon which the plaintiffs in the Vaughan cases, as they frankly admit in their brief, proceeded; and that is the theory upon which the trial was conducted. This we think was error. The two vehicles involved in this collision stood in the same classification with respect to said ordinance; and the general rules which apply to cases of negligence in the operation of motor vehicles, as between private owners and operators, should have been applied.

Second: The trial court declined to permit the question of contributory or concurrent negligence to enter the case, either by instruction, or in the argument of the case. We think the testimony was sufficient to require

the giving of instructions on both these theories, and as to all the parties involved. There was evidence tending to show that the driver of the ambulance was guilty of contributory negligence in not coming to a full stop before entering Juliana Street; there was evidence tending to show that Alice D. Oates was operating her car at a high rate of speed, which would support the contention that she was guilty of contributory negligence; there was evidence that both the driver of the ambulance and of the Cadillac automobile were negligent, and that their negligence concurred and caused the accident. We express no opinion whether the evidence predominates in such way as to indicate the conclusion that should have been reached by the jury; but only that there was evidence that should have been submitted to the jury on those theories, under proper instructions.

Instructions were given by the court at the instance of the plaintiffs in the Vaughan cases, in which the theory of contributory negligence was ignored. In *Bragg* v. *Transfer Co.*, 125 W. Va. 722, 26 S.E. 2d 217, we held that, "Ordinarily, when contributory negligence of the plaintiff is relied on as a defense, it is prejudicial error to give for the plaintiff an instruction which directs the jury to find for the plaintiff if certain recited facts are believed by the jury from the evidence, but which instruction does not specifically negative contributory negligence on the part of the plaintiff." Many other decisions could be cited in support of this holding.

Third: We think it was error to give any instruction based upon the theory of the last clear chance. It seems clear that, in the circumstances of this case, there was no opportunity afforded to either of the parties to avoid the accident after the peril arising therefrom was first recognized. "While the matter of liability under the doctrine of last chance is ordinarily a question of fact for jury determination, yet, where the physical facts are such as to preclude a basis for the operation of said doctrine, the court should so declare and should not submit the question to the jury." *Weddle* v. *Railway Co.*, 125 W. Va.

41, 22 S.E. 2d 698. There must be an interval of time sufficient for appreciation of the dangerous condition and effective effort to relieve it and such interval should be computed from the time the peril became apparent to the defendant, or in the exercise of reasonable care should have been apparent. *Weddle* v. *Railway Co., supra; Milby* v. *Diggs,* 118 W. Va. 56, 189 S.E. 107; *Juergens* v. *Front,* 111 W. Va. 670, 163 S.E. 618; *Ray* v. *Clawson,* 123 W. Va. 99, 14 S.E. 2d 259.

Then, the trial court refused to permit the question of contributory negligence to enter the trial. "Recovery by a plaintiff, under the doctrine of the last clear chance, can only be had where primary negligence on the part of the defendant is shown, coupled with such contributory or concurrent negligence of the plaintiff as would otherwise bar recovery; * * *". *Lynch* v. *Alderton,* 124 W. Va. 446, 20 S.E. 2d 657. Nothing is clearer than that the doctrine of the last clear chance can only be invoked where there has been contributory negligence. In all its essentials, it is intended to avoid what might sometimes result in injustices, where the plaintiff, though guilty of contributory negligence, may still recover because the defendant has, thereafter, a clear chance by the exercise of ordinary care to avoid the accident. When the trial court refused to permit the defense of contributory negligence to be asserted in the trial, and refused to give instructions on that theory, or permit argument thereon, it could not thereafter, in the trial of the case, permit an instruction on the theory of the last clear chance, because there was nothing in the case upon which it could possibly be based. Aside from this, and, even if the doctrine of last clear chance were applicable, instruction No. 11, offered by plaintiffs in the Vaughan cases, should not have been given, because it ignores some of the necessary requirements of a proper instruction on that theory. That instruction told the jury that if it believed from the evidence in this case "that Mrs. Oates did see or by the use of ordinary care could have seen the ambulance in the intersection in time to have avoided a

collision and that she negligently failed to avoid the collision, then she is liable for any damages which directly arose from such collision", but ignored the further requirement that, to make her liable, the jury must believe from the evidence, that she knew, or should have known, of the perilous situation of the plaintiff, and that he was oblivious thereto, or could not escape therefrom. On this point see *Meyn* v. *Auto Co.*, 118 W. Va. 545, 191 S.E. 558; *Lynch* v. *Alderton, supra; Bowman* v. *Monongahela Co.*, 124 W. Va. 504, 21 S.E. 2d 148; *Weddle* v. *Railway Co., supra.*

It is not necessary to discuss in detail other instructions offered by the several parties to this litigation. Suffice it to say, that it was error to give any instruction which had the effect of excusing the plaintiffs, in the Vaughan cases, from the performance of their full legal duty as private owner or operator of the ambulance involved, to operate the same with reasonable care; it was error to give any binding instruction which ignored evidence of concurrent or contributory negligence on the part of any of the parties to this litigation; and it was error to give an instruction on the doctrine of the last clear chance, for the reason that the theories of contributory negligence and concurrent negligence were not permitted to be advanced in the trial, and there was, therefore, no basis for the giving of any such instruction; and, further, if the giving of such instruction had been permissible, the instruction itself was erroneous as to form. It was error to refuse to give instructions, otherwise good, because they ignore the doctrine of last clear chance.

We need not go further. The cases will have to be retried, and they should be tried as a case where two privately owned and operated vehicles collide, and injury and damage result therefrom, without according to either any special rights or privilege, beyond those accorded to them under the traffic regulations of the City of Parkersburg, as interpreted herein. The ordinary

rules applicable to negligence cases, arising out of the operation of motor vehicles, should be applied. In such trial many of the instructions offered by the parties will have to be reformed to apply to the evidence which may be introduced at such trial. We think no useful purpose would be served by analyzing and discussing the numerous instructions given and refused in the case at bar.

As noted above, the verdicts returned by the jury were against Alice D. Oates. There was no verdict on her claim against Stanley N. Vaughan, Jr., and Stanley N. Vaughan Funeral Home, Inc. The verdict should have responded to all of the issues raised in the consolidated cases, and one of those issues was whether Alice D. Oates was entitled to a judgment against the Vaughans for damages to her automobile. Inferentially, the finding in the Vaughan cases would indicate that the jury was of opinion that she was not entitled to recover, but if it so believed, it should have returned a verdict accordingly.

We reverse the judgments of the Circuit Court of Wood County, set aside the verdicts aforesaid, and remand the cases for a new trial.

*Judgments reversed; verdicts set aside; new trial awarded.*